**Ex Parte Troy KUNKLE.**

**No. 70,909.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 3, 1993.

Rehearing Denied March 3, 1993.

---

Richard W. Rogers, III, Corpus Christi, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Presiding Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

Applicant Troy Kunkle was convicted by a jury of capital murder; after the jury answered the statutory special issues in the affirmative, the trial court sentenced applicant to death. On direct appeal, this Court affirmed applicant's conviction and sentence. *Kunkle v. State*, 771 S.W.2d 435 (Tex.Cr.App.1986), cert. denied, 492 U.S. 925, 109 S.Ct. 3259, 106 L.Ed.2d 604, rehearing denied, 492 U.S. 937, 110 S.Ct. 21, 106 L.Ed.2d 634 (1989). Applicant now challenges his sentence by writ of habeas corpus alleging that he was sentenced to death in violation of the Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Specifically, applicant contends:

(1) He was sentenced to death in violation of the Eighth Amendment because the jury was not instructed that it could consider and give effect to his mitigating evidence in imposing its sentence as required by *Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989);

(2) The failure of the trial court to define 'deliberately' as requested by applicant violated his constitutional rights to due process of law;

(3) The Texas death sentencing statute, on its face and as applied in this case, provides inadequate guidance to the jury and did not allow the jury to consider and act upon mitigating evidence proffered by the defense as the basis for a sentence less than death;

(4) The trial court failed to instruct the jury on the nature, function and definition of mitigating evidence, and the manner in which consideration of the mitigating evidence could be included in their responses to the questions required under Article 37.071, V.A.C.C.P.; and

(5) He was denied effective assistance of counsel because trial counsel failed to advance applicant's *Penry* claim in the trial court.[1]

We shall deny applicant's claims.

■ In *Jurek v. Texas*, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976), the Su-

1. Applicant also contends in point 13 that his "rights under the Sixth and Eighth Amendments

preme Court explicitly determined that Article 37.071 of the Texas Code of Criminal Procedure is not facially unconstitutional.[2] Thus, applicant's challenge to the facial validity of Article 37.071 is without merit.

The Supreme Court emphasized this finding in *Penry,* but determined that Article 37.071 could be unconstitutionally applied to defendants who present mitigating evidence which cannot be adequately considered and given effect under the statutory special issues authorized by Article 37.071. *Penry v. Lynaugh,* 492 U.S. at 320–322, 109 S.Ct. at 2948. The *Penry* decision requires trial courts to submit "instructions informing the jury that it [can] consider and give effect to the [particular] mitigating evidence ... by declining to impose the death penalty," in all cases where evidence is presented to the jury that: (1) is mitigating in nature; (2) is relevant to a juror's determination that death would not be the appropriate "reasoned moral response" to the defendant's particular circumstances; and, (3) the mitigating effect of the evidence cannot be considered under the statutory special issues. *Penry v. Lynaugh,* 492 U.S. at 328–330, 109 S.Ct. at 2952. If mitigating evidence is presented that can be considered and given full effect under the special issues authorized by Article 37.071, however, there is no need to submit a particularized charge on mitigation to the jury in addition to the statutory special issues. Therefore, we shall examine the evidence presented at trial to determine whether application of the statute and the court's failure to specifically charge the jury on mitigation were errors of constitutional dimension.[3]

■ During the guilt/innocence stage of applicant's trial, applicant offered evidence of his drug and alcohol use at the time of the murder, arguably in an attempt to diminish his culpability. He did not reintroduce this evidence at punishment, but because evidence introduced at the guilt/innocence stage may be considered at punishment, we shall address the evidence as if it had been introduced and argued at punishment. See *Crane v. State,* 786 S.W.2d 338, 354 (Tex.Cr.App.1990) (in answering special issues, jury may consider all evidence adduced at both phases of trial). Specifically, applicant showed that he had ingested a combination of LSD, marihuana and alcohol before he murdered the complainant by shooting him in the back of the head. Al-

to the Constitution were violated because the jurors in [his] case were never told by the court or by counsel, whether at voir dire, during the trial, in argument, or by instruction, that they could consider and give effect to mitigating evidence to determine whether to sentence the [applicant] to death as required by *Penry.*" This is merely a combination of applicant's claims under 4 and 5, and its disposition is controlled by the disposition of those claims.

**2.** Article 37.071, V.A.C.C.P., states, in part:
"(a) Upon a finding that the defendant is guilty of a capital offense, the court shall conduct a separate sentencing proceeding to determine whether the defendant shall be sentenced to death or life imprisonment....
"(b) On conclusion of the presentation of the evidence, the court shall submit the following three issues to the jury:
"(1) whether the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reasonable expectation that the death of the deceased or another would result;
"(2) whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society; and

"(3) if raised by the evidence, whether the conduct of the defendant in killing the deceased was unreasonable in response to the provocation, if any, by the deceased."
Acts 1973, 63rd Leg., p. 1125, ch. 426, art. 3, § 1, eff. June 14, 1973. Amended by Acts 1981, 67th Leg., p. 2673, ch. 725, § 1, eff. Aug. 31, 1981; Acts 1985, 69th Leg., ch. 44, § 2, eff. Sept. 1, 1985.
Article 37.071 was amended effective Sept. 1, 1991, but appellant was tried under the statute as amended in 1985. All references in this opinion will be to Article 37.071 as stated above.

**3.** We note that although applicant failed to object to the statutory instructions given at punishment or to request a specific mitigating instruction, *i.e.,* a *Penry* instruction, this Court has determined that allegations of *Penry* error occurring in cases tried before *Penry* will not be procedurally barred on appeal. *Black v. State,* 816 S.W.2d 350 (Tex.Cr.App.1991) (Campbell, J., concurring to Part II B). Furthermore, we have held that such claims are cognizable via habeas corpus despite an applicant's failure to raise them on direct appeal. *Ex parte Goodman,* 816 S.W.2d 383, 385 (Tex.Cr.App.1991). Therefore, applicant's *Penry* claims are properly before this Court in this application for habeas corpus.

though an expert witness testified that any person given the amount of substances ingested by applicant "could lose control over [his] behavior,"[4] no evidence was offered to show that ingesting the drugs and alcohol caused applicant to suffer temporary insanity, organic brain damage or permanent mental impairment comparable to the impairment suffered by Penry. We find this evidence not significantly different from the evidence in prior decisions where we determined that evidence of drug and alcohol abuse can be given adequate mitigating effect under the statutory special issues of Article 37.071. See *Lackey v. State*, 819 S.W.2d 111 (Tex.Cr.App.1991) (On Motion for Rehearing); *Lane v. State*, 822 S.W.2d 35 (Tex.Cr.App.1991). But see *Ex parte Rogers*, 819 S.W.2d 533 (Tex.Cr. App.1991) (Clinton, J. dissenting) (would find habitual use of drugs has relevance beyond scope of special issues). Because we find that applicant's evidence of drug and alcohol use could be adequately considered and given effect under the special issues as charged, applicant was not entitled to a special mitigating charge based on such.

■ In the punishment stage of trial, applicant introduced testimony showing that his father had been discharged from military service for depression and that he had been treated for depression with both medication and therapy; there was additional testimony that applicant's mother had been treated for depression. Applicant's father also testified that he asked applicant to move out of the family home after discovering applicant smoking marihuana. The father testified that at this time applicant weighed about 189 pounds, but after moving out of the family home applicant went down to 130 pounds and "didn't look good"—he had sores on his face and was unkempt. Applicant's father further testified that he encouraged applicant to attend therapy with the family, but applicant had refused. The dissimilarity of this evidence to that in *Penry*[5], in addition to applicant's failure to show how his parents' emotional problems or removal from the family home affected him or related to the offense, lead us to conclude that this evidence could be adequately considered and given effect under the special issues as charged. See *Nobles v. State*, 843 S.W.2d 503 (Tex.Cr.App., No. 69,991, June 10, 1992), and *Trevino v. State*, 815 S.W.2d 592, 622 (Tex.Cr.App.1991), rev'd on other grounds, *Trevino v. Texas*, — U.S. —, 112 S.Ct. 1547, 118 L.Ed.2d 193 (1992) (mitigating charge unwarranted where evidence unrelated to any aspect of how or why death would or would not be appropriate response to applicant's actions). Therefore, applicant was not entitled to a special mitigating charge based on evidence of his or his family's emotional problems.

■ There was no direct testimony as to applicant's age, but there was evidence that he was born on May 27, 1966. Since the offense took place on August 12, 1984, applicant appears to have been eighteen (18) at the time of the offense. Applicant alleges in his brief, however, that he was seventeen (17) at the time of the offense. This Court has consistently held that evidence of youth can be considered under the statutory special issues and that no special mitigating instruction is required for the jury to give effect to this evidence. *Jackson v. State*, 822 S.W.2d 18, 23 (Tex.Cr. App.1990); *Lackey v. State*, 819 S.W.2d 111 (Tex.Cr.App.1991) (on rehearing); *Ex*

---

**4.** The expert testified as follows to the results of a person ingesting a combination of drugs and alcohol:

"[He] would be grossly impaired in terms of the higher intellectual functions, and that is that they would have the inability to concentrate, inability to remember. Their judgments would be impaired. They would also suffer gross motor abnormalities and also sensory abnormalities at that concentration of alcohol...."

**5.** No evidence was offered to show that applicant suffered from a limited intellectual ability or that he was deprived of an education. In fact, the State tried to introduce evidence of applicant's intelligence and psychological testing results but was prevented from doing so when the trial court sustained applicant's objections to such. Moreover, applicant offered no evidence comparable to that in *Penry*, *i.e.*, that applicant was mentally retarded, suffered from organic brain damage or had an inability to learn.

**504**

*parte McGee*, 817 S.W.2d 77 (Tex.Cr.App. 1991). But see *Graham v. Collins*, 950 F.2d 1009 (5th Cir.1992), cert. granted, —— U.S. ——, 112 S.Ct. 2937, 119 L.Ed.2d 563 (1992).

Clearly, the mitigating evidence offered at applicant's trial could be constitutionally considered and given effect under the special statutory issues as charged and Article 37.071 was not unconstitutionally applied to applicant. We conclude, therefore, that the trial court did not err in refusing to instruct the jury on the nature and effect of mitigating evidence nor did it err in refusing to instruct the jury on the manner in which mitigating evidence could be considered in their responses to the special issues. See *Johnson v. State*, 691 S.W.2d 619, 625–626 (Tex.Cr.App.1984) (court's charge at punishment following Article 37.071 adequately guides jurors in application of mitigating evidence); *Earvin v. Lynaugh*, 860 F.2d 623, 625 (5th Cir.1988).

■ Applicant contends, however, that counsel was forced to withhold mitigating evidence analogous to that present in *Penry* because of the operation of Article 37.071. Applicant acknowledges that there was no attempt to proffer the evidence at trial, nor was there a request for a jury instruction on the effects of mitigating evidence. After filing his writ of habeas corpus, applicant requested a hearing to develop the evidence that was withheld, but the trial court denied such. Applicant attached affidavits to his writ application to partially explain what mitigating evidence was withheld. We have previously determined, however, that we shall not consider such affidavits in determining the merits of applicant's *Penry* claims. *Ex parte Goodman*, 816 S.W.2d 383, n. 6 386 (Tex.Cr.App. 1991).

In *Goodman,* a majority of this Court agreed that we shall not consider

"... evidence provided to this Court by way of affidavit as it could have been introduced at the punishment phase of applicant's trial. We will not entertain arguments addressing evidence which *would have been* proffered by defense counsel had the trial judge allowed an

additional jury instruction on that evidence. To do so would, in effect, allow applicant to make a 'post-conviction bill of exception,' a procedure which does not comport with this Court's contemporaneous objection rule.

"As to the admissibility of mitigating evidence, we have always held that such *evidence* was admissible and, thus, we are disinclined to excuse noncompliance in the area of *introducing* mitigating evidence. Consequently, absent a contemporaneous offer of proof or bill of exception detailing what mitigating evidence was TACTICALLY withheld by the appellant during trial, we will not be heard to consider the same now." *Ex parte Goodman*, 816 S.W.2d 383, n. 6 386 (Tex.Cr.App.1991) (emphasis in original).

Albeit originally appearing only in a footnote, we now adopt such language as the rule. Thus, we shall not consider mitigating evidence not presented or proffered at trial in determining the merits of applicant's *Penry* claims. Thus, we find applicant's claims in one, three and four to be without merit.

Not entitled to have the merits of his *Penry* claim determined on evidence not proffered or admitted at trial, applicant next contends his trial counsel was rendered ineffective because Article 37.071 forced his counsel to withhold evidence analogous to that present in *Penry.* Consequently, applicant wants this Court to rule that he has satisfied the first prong of the test for ineffective assistance of counsel as enunciated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), and adopted by this Court in *Hernandez v. State*, 726 S.W.2d 53 (Tex.Cr.App.1986).

■ The Supreme Court in *Strickland* established the standard for determining whether counsel provided constitutionally satisfactory services as one of "reasonably effective assistance." Thus, to successfully prevail on an ineffective assistance claim, applicant must:

"First, ... show that counsel's performance was deficient. This requires

showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.

"Second, ... show that the deficient performance prejudiced the defense. This requires showing that counsel's error were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable."

Consideration of the "totality of the representation," rather than isolated acts or omissions of trial counsel, determines whether this standard has been met. *Ex parte Raborn*, 658 S.W.2d 602, 605 (Tex. Cr.App.1983). The burden of proving ineffective assistance of counsel falls on the accused and such contentions must be proved by a preponderance of the evidence. *Cannon v. State*, 668 S.W.2d 401 (Tex.Cr. App.1984).

■■■ The right to "reasonably effective assistance of counsel" does not guarantee errorless counsel, or counsel whose competency is to be judged by hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Cr.App.1983). Rather, the right to counsel affords an accused an attorney "reasonably likely to render and rendering reasonably effective assistance." *Cannon*, 668 S.W.2d at 402. A fair assessment of counsel's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances, and to evaluate the conduct from counsel's perspective at the time. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 688–689, 104 S.Ct. at 2065. Strategic choices made after a thorough investigation of law and facts relevant to plausible options are thus virtually unchallengeable.

Strategic choices made after a less than complete investigation, however, are reasonable only to the extent that "reasonable professional judgments support the limitations on investigation."

■■■ The record in applicant's case clearly demonstrates the decision not to present evidence in the punishment phase of applicant's trial was a strategic one on the part of defense counsel. In an affidavit attached to the writ application, trial counsel for applicant stated:

"... There was mitigating evidence available in Troy's case that was not presented on his behalf.

"The reason for this is because it was my understanding that Texas law did not allow any instructions to supplement or modify the death penalty questions under the capital murder statute. I screened the available evidence because I did not want to give the State any more evidence for the jury to use against Troy in answering those questions. If I believed the trial court would have given the jury some sort of instruction that they could consider certain evidence as pure mitigation as *Penry v. Texas* provides, and not in direct relationship to the two questions, I would have introduced evidence about Troy's father's and mother's histories of mental problems and the effects it had on Troy. I would also have introduced evidence of early childhood abuse and behavioral problems and various attempts to acquire help.

"... I have attached copies of psychiatric evaluations in my possession at trial time."

Trial counsel further emphasized that this was a strategical choice at the hearing on applicant's writ for habeas corpus when he stated:

"... [W]hat we are asking for—the evidentiary hearing—is for the opportunity to develop, on the record, evidence that was available to us at Troy Kunkle's trial that we did not use. The reason we didn't use it was because at the time that case was decided, the Texas law said that the jury issues in a death penalty case

were only two; they were, was the crime deliberate, and was—did the evidence show, beyond a reasonable doubt, whether there was a likelihood that the defendant would engage in future acts of criminal conduct.... There is a certain type of evidence that the Texas statute didn't take into consideration, and that's evidence that might be both mitigating, but might also show either deliberation or show that the defendant would get in trouble in the future."

There is absolutely no evidence that this strategic choice by applicant's counsel was based on anything less than a thorough and complete investigation of the facts and law at the time of trial. See *Romero v. Lynaugh*, 884 F.2d 871, 876–877 (5th Cir. 1989) (trial counsel not ineffective for failing to argue youth, intoxication and family background as mitigating at sentencing when such was before the jury; dramatic strategy at sentencing did not render him ineffective); *DeLuna v. Lynaugh*, 873 F.2d 757, 758–759 (5th Cir.1989) (trial strategy not to emphasize youth, intelligence level, and substance abuse reasonable; failure to put on family to beg for life not unreasonable).

It is quite clear, that under the law at the time, applicant's mitigating evidence would have been admissible. *Jurek v. Texas, supra; Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978); *Eddings v. Oklahoma*, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982); *Quinones v. State*, 592 S.W.2d 933, 947 (Tex.Cr.App.1980); Article 37.071, V.A.C.C.P. *Jurek, Lockett, Eddings* and *Quinones, supra,* were all decided prior to applicant's trial and held that a defendant must be entitled to present evidence of any mitigating circumstances when he is on trial for his life.[6] We refused to consider the affidavits attached to

applicant's writ in deciding the merits of applicant's *Penry* claim, but in the interest of justice, we have carefully reviewed them to determine whether the withheld evidence was admissible at punishment.

 The affidavits contain evidence of applicant's parents' mental histories and allegations by trial counsel that he also had evidence of early abuse and behavioral problems. Evidence of a difficult family history and emotional disturbance has long been admissible by defendants in the penalty stage of a capital murder case. See *McGautha v. California*, 402 U.S. 183, 193, 91 S.Ct. 1454, 1460, 28 L.Ed.2d 711 (1971); *Burns v. State*, 761 S.W.2d 353, 358 (Tex. Cr.App.1988). Applicant's trial counsel, however, made a tactical decision to neither present nor proffer this evidence at the punishment stage. Applicant would have this Court, using hindsight—*i.e.,* considering his trial counsel's trial tactics in light of the subsequent decision in *Penry*—hold that trial counsel did not perform reasonably. But this Court previously held that counsel's performance is to be evaluated *at the time of trial. Butler v. State*, 716 S.W.2d 48, 54 (Tex.Cr.App.1986). We are unable to conclude that such a deliberate decision, under the circumstances and after a thorough investigation of available mitigating evidence, rendered applicant's trial counsel unreasonable at the time of trial. *May v. Collins*, 904 F.2d 228, 232 (5th Cir.1990). Relief is therefore denied on applicant's fifth claim.

 In his second claim, applicant alleges that the trial court erred in refusing to define "deliberately" in the charge to the jury.[7] Applicant contends that this refusal prevented the jury from considering all mitigating evidence and giving it a reasoned moral response in violation of the

---

**6.** Applicant committed the offense in 1984 and was tried and convicted subsequent to that. We also note here that *Penry* was decided on June 26, 1989, and applicant's Writ of Certiorari was denied by the Supreme Court on July 3, 1989.

**7.** Applicant requested that the jury be instructed that:

"[A]s used in the first special issue, the word 'deliberately' has a meaning different and dis-

tinct from the word 'intentionally' as the word was previously defined in the charge. The word 'deliberately' as used in the first special issue means a manner of doing an act characterized by or resulting from careful consideration, a conscious decision involving a thought process which embraces more than mere will to engage in the conduct."

Eighth and Fourteenth Amendments. This Court has repeatedly held that the trial judge's failure to define "deliberately" in the jury charge does not constitute error. *Cantu v. State*, 842 S.W.2d 667 (Tex.Cr. App.1992) and the cases cited therein. See *Jurek v. Texas*, 428 U.S. at 270–272, 96 S.Ct. at 2956. Applicant's second claim is overruled.

Accordingly, all habeas relief is denied.

MALONEY, J., dissents.

CLINTON, Judge, dissenting.

The majority rejects applicant's contentions that he was entitled to an instruction on mitigating evidence to account for his proof of voluntary intoxication, disadvantaged background, and youth. My dissenting views have been ventilated elsewhere, and I fall back on those now. See e.g., *Ex parte Rogers*, 819 S.W.2d 533 (Tex.Cr.App. 1991) (Clinton, J., dissenting); *Lackey v. State*, 819 S.W.2d 111 (Tex.Cr.App.1991) (Clinton, J., dissenting on appellant's motion for rehearing); *Jackson v. State*, 822 S.W.2d 18 (Tex.Cr.App.1991) (Clinton, J., dissenting to refusal of appellant's motion for rehearing). Because the Court also denies applicant relief on his Sixth Amendment ineffective assistance of counsel claim, I write further.

For a number of years this Court failed to comprehend the full impact of decisions of the United States Supreme Court in *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978) and *Eddings v. Oklahoma*, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). Accordingly, the Court held that there was no Eighth Amendment problem with the operation of Article 37.-071, V.A.C.C.P., at least so long as capital defendants were allowed to present unlimited mitigating evidence at trial. It did not matter to the Court that under our statutory scheme jurors might have no occasion to effectuate that evidence.

"Rather than acknowledge the circumstantial inadequacy of 37.071(b)(2) to accomplish the mandate of *Lockett* and its progeny, a majority of this Court has blithely said, time and again, that in considering whether to impose a death sentence the jury must be allowed to consider whatever evidence of mitigating circumstances the defense can bring before it. But they have also repeatedly denied the utility, much less necessity, of informing the jury that they *may* so consider the evidence."

*Stewart v. State*, 686 S.W.2d 118, 126 (Tex. Cr.App.1984) (Clinton, J., dissenting). Indeed, until the decision in *Penry v. Lynaugh*, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), this Court steadfastly refused to acknowledge what the Supreme Court found to be a principle firmly embedded in its Eighth Amendment jurisprudence, *viz:* that jurors must be empowered to give *full* effect to *all* mitigating evidence, not just that which militates in favor of negative answers to our particular statutory special issues. Allowing presentment of mitigating evidence having no bearing on special issues was certainly correct; but it was hardly all that the Eighth Amendment required. By repeatedly denying "the utility, much less the necessity" of providing the jury a mechanism by which to assess a penalty less than death on the basis of such evidence, this Court offered a placebo, not a remedy.

But alas, the placebo has proved to be an elixir, a veritable cure-all. For today the majority holds what was intimated in *Ex parte Herrera*, 819 S.W.2d 528 (Tex.Cr. App.1991), *viz:* that because consistent with our caselaw applicant could have *presented* any mitigating evidence he wished at trial, his failure to do so amounted to no more than a choice of strategy, not ineffective assistance of counsel. I would readily accept such reasoning in a post-*Penry* prosecution. In that context counsel will know that presentment of mitigating evidence that goes beyond the scope of special issues will entitle him to an instruction to which the jury can respond with a life sentence. If counsel is afraid that such evidence has a greater tendency to persuade the jury to answer a special issue "yes," however, than it has to persuade that life is a more appropriate response irrespective of the answers to special issues, he may certainly make the strategic

508

decision to forgo presenting that evidence to the jury. It would not occur to me to call that ineffective assistance of counsel. But in a pre-*Penry* prosecution, given this Court's caselaw, presenting mitigating evidence outside the special issues would not assure counsel of a jury instruction. If the evidence militates in favor of affirmative answer to a special issue, it would only hurt his client, without any potential trade-off. This Court induced the tactical decision not to present mitigating evidence by insisting that presentment was *all* he was entitled to under the Eighth Amendment. How ironic that the Court now holds counsel was not ineffective in failing to present that evidence because he was, after all, entitled to present it under our then-extant caselaw.

> "We should not now deny a Sixth Amendment ineffective counsel claim because of a court induced 'tactical' decision to avoid helping the State satisfy its burden of proof. See *May v. Collins* [904 F.2d 228], at 232–34 [ (CA 5 1990) ] (Reavley, J., concurring)."

*Ex parte Herrera,* supra, at 532 (Clinton, J., dissenting). Because the majority does, I respectfully dissent.

BAIRD, J., joins.