TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00704-CR







Carl Plavidal, Jr., Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0973058, HONORABLE FRED A. MOORE, JUDGE PRESIDING







A jury found appellant Carl Plavidal, Jr., guilty of two counts of aggravated sexual
assault of a child, two counts of indecency with a child by contact, and one count of indecency
with a child by exposure. See Tex. Penal Code Ann. §§ 22.021(a)(1)(B)(i) & (ii), (2)(B) (West
Supp. 1999); 21.11(a) (West 1994). The jury assessed terms of imprisonment of ninety years for
the aggravated sexual assaults, twenty years for the acts of indecency by contact, and ten years
for the indecency by exposure. We will affirm.

In his only point of error, appellant contends a single mistake by defense counsel
during jury selection was so damaging as to deny him his Sixth Amendment right to effective
assistance of counsel. Specifically, appellant complains that his attorney failed to challenge a
panelist for cause on the ground that she could not consider recommending community supervision
in a case such as this. To prevail on this claim, appellant must show that counsel's error was so
serious that he was not functioning effectively as counsel and that the error prejudiced appellant's
defense to such a degree that he was deprived of a fair trial. See Strickland v. Washington, 466
U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); Moore v.
State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143
(Tex. App.--Austin 1992, pet. ref'd). Appellant must overcome a strong presumption that
counsel's conduct fell within the wide range of reasonable professional assistance. See Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Appellant's task is made more difficult
because no motion for new trial was filed and there is no record focused on the conduct of
counsel. See id. at 772 (Baird, J., concurring).

During voir dire, both the prosecutor and defense counsel questioned the panelists
about their willingness to consider community supervision in a case involving the sexual assault
or abuse of a child. Defense counsel approached the subject as follows:


Now, you all have been told of what this offense is all about -- or offenses. 
And you have all indicated that possibly you could consider the whole range of
punishment and that she [the prosecutor] has suggested some types of cases where
perhaps probation would be applicable. And always it was referring to the
possibility of a very, very young defendant. But that's not the case here. And the
Legislature has not specified that probation is not available to an elderly gentleman
or middle age gentleman or a young gentleman. . . . And is there anyone here that
could not, in this type of case -- you've already found him guilty -- consider
probation for an elderly gentleman? All of you could not. Under no
circumstances, if you found him guilty find an elderly -- or consider probation for
a man like that?



Apparently several panelists, including Emily Marshall, indicated that they could not consider
recommending community supervision for an "elderly gentleman" who sexually abuses a child. 
Counsel then moved on to other topics.

At the conclusion of voir dire, counsel approached the bench and identified fifteen
panelists who had indicated an inability to consider community supervision. Marshall was not
among them. These panelists were asked to remain in the courtroom when the rest of the panel
was given a break. Addressing them as a group, the court explained that they were not being
asked whether they could recommend community supervision in this particular case, but merely
if they could conceive of a situation in which community supervision would be appropriate for a
defendant convicted of aggravated sexual assault of a child. After the court's explanation, eight
panelists continued to insist that they would be unable to consider community supervision and
were excused for cause. See Tex. Code Crim. Proc. Ann. art. 35.16(c)(2) (West Supp. 1999). 
Marshall remained unchallenged and served on the jury.

Appellant's argument is simple. The primary objective of the defense at trial was
to secure community supervision for appellant based on his advanced age and the fact that he was
the sole caregiver for his seriously ill wife. But, urges appellant, this became an impossible goal
when counsel permitted a juror unequivocally opposed to community supervision to remain on the
jury. Appellant asserts that under the circumstances of this case, counsel's error was outside the
range of reasonable effectiveness and prejudiced the defense to such a degree that appellant was
deprived of a fair trial.

To explain why we are not persuaded by appellant's argument, we begin by noting
that on this record, Marshall was not challengeable for cause. The law requires that a juror be
willing to consider the full range of punishment for the crime as defined by law, but does not
require that a juror be willing to consider the full range of punishment for the crime as the
defendant committed it. See Sadler v. State, 977 S.W.2d 140, 143 (Tex. Crim. App. 1998). 
Although Marshall indicated an unwillingness to consider community supervision for an
aggravated sexual assault of a child under certain circumstances, she did not indicate an
unwillingness to consider community supervision for the offense under any circumstances.

The question remains why defense counsel did not pursue this matter with Marshall
as he did with the other panelists who gave similar answers to his voir dire questions, or why he
did not use a peremptory strike to remove Marshall from the jury. Here, the record is silent. It
may be, as appellant would have it, that counsel was careless and allowed Marshall on the jury
through negligence. But it may be that counsel, who had the advantage of seeing and hearing
Marshall and the other panelists during the entire voir dire process, decided in the exercise of his
professional judgment that Marshall was a desirable juror despite her answer to his question
regarding community supervision. When evaluating the effectiveness of trial counsel, an appellate
court must avoid the distortions of hindsight. Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim.
App. 1993). This is particularly true with regard to jury selection, where an attorney must
attempt to divine the prejudices, sympathies, and predispositions of strangers in the course of a
few minutes of questioning. On this record, counsel's failure to challenge or strike Marshall has
not been shown to constitute ineffectiveness. See Jackson, 877 S.W.2d at 771. 

While we do not decide the issue on this basis, we also note that because of the
punishments assessed, appellant was eligible for community supervision only with respect to the
indecency by exposure offense. See Tex. Code Crim. Proc. Ann. art. 42.12, § 4(d)(1) (West
Supp. 1999) (defendant not eligible for community supervision if sentence exceeds ten years). 
Because the jury chose to assess punishments at or near the maximum prescribed for each offense,
it is unlikely that the subject of community supervision was a significant one for the jury.

The point of error is overruled and the judgments of conviction are affirmed.



 

 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: November 4, 1999

Do Not Publish



panel
was given a break. Addressing them as a group, the court explained that they were not being
asked whether they could recommend community supervision in this particular case, but merely
if they could conceive of a situation in which community supervision would be appropriate for a
defendant convicted of aggravated sexual assault of a child. After the court's explanation, eight
panelists continued to insist that they would be unable to consider community supervision and
were excused for cause. See Tex. Code Crim. Proc. Ann. art. 35.16(c)(2) (West Supp. 1999). 
Marshall remained unchallenged and served on the jury.

Appellant's argument is simple. The primary objective of the defense at trial was
to secure community supervision for appellant based on his advanced age and the fact that he was
the sole caregiver for his seriously ill wife. But, urges appellant, this became an impossible goal
when counsel permitted a juror unequivocally opposed to community supervision to remain on the
jury. Appellant asserts that under the circumstances of this case, counsel's error was outside the
range of reasonable effectiveness and prejudiced the defense to such a degree that appellant was
deprived of a fair trial.

To explain why we are not persuaded by appellant's argument, we begin by noting
that on this record, Marshall was not challengeable for cause. The law requires that a juror be
willing to consider the full range of punishment for the crime as defined by law, but does not
require that a juror be willing to consider the full range of punishment for the crime as the
defendant committed it. See Sadler v. State, 977 S.W.2d 140, 143 (Tex. Crim. App. 1998). 
Although Marshall indicated an unwillingness to consider community supervision for an
aggravated sexual assault of a child under certain circumstances, she did not indicate an
unwillingness to consider community supervision for the offense under any circumstances.

The question remains why defense counsel did not pursue this matter with Marshall
as he did with the other panelists who gave similar answers to his voir dire questions, or why he
did not use a peremptory strike to remove Marshall from the jury. Here, the record is silent. It
may be, as appellant would have it, that counsel was careless and allowed Marshall on the jury
through negligence. But it may be that counsel, who had the advantage of seeing and hearing
Marshall and the other panelists during the entire voir dire process, decided in the exercise of his
professional judgment that Marshall was a desirable juror despite her answer to his question
regarding community supervision. When evaluating the effectiveness of trial counsel, an appellate
court must avoid the distortions of hindsight. Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim.
App. 1993). This is particularly true with regard to jury selection, where an attorney must
attempt to divine the prejudices, sympathies, and predispositions of strangers in the course of a
few minutes of questioning. On this record, counsel's failure to challenge or strike Marshall has
not been shown to constitute ineffectiveness. See Jackson, 877 S.W.2d at 771. 

While we do not decide the issue on this basis, we also note that because of the
punishments assessed, appellant was eligible for community supervision only with respect to the
indecency by exposure offense. See Tex. Code Crim. Proc. Ann. art. 42.12, § 4(d)(1) (West
Supp. 1999) (defendant not eligible for community supervision if sentence exceeds ten years). 
Because the jury chose to assess punishments at or near the maximum prescribed for each offense,
it is unlikely that the subject of community supervision was a significant one for the jury.

The point of error is overruled and the judgments of conviction are affirmed.



 

 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed