TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-01-00238-CR







Buster Sargent, Appellant 


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0995885, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING





 A jury found appellant Buster Sargent guilty on three counts of aggravated sexual
assault of a child and four counts of indecency with a child by contact. See Tex. Pen. Code Ann.
§§ 21.11, 22.021 (West Supp. 2002). The jury assessed punishment at three life sentences for the
aggravated sexual assault offenses, and four twenty-year sentences for the indecency with a child by
contact offenses. In thirteen points of error, appellant contends that he received ineffective
assistance of counsel, that the trial court erred in introducing videotaped statements made by the
appellant during a non-custodial interview, and that the evidence was factually insufficient to support
the jury's verdict. We will overrule these contentions and affirm the convictions.


Ineffective Assistance of Counsel Appellant claims that he received ineffective assistance of counsel on two alternate
grounds: (1) due to fatigue, defense counsel was constructively absent from the proceedings, and (2)
taken as a whole, defense counsel's actions fell below the minimum standard for professional
conduct. To prevail on an ineffective assistance of counsel claim, appellant must show that counsel
made serious errors and that those errors caused serious harm. Strickland v. Washington, 466 U.S.
668, 690 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). In some egregious
circumstances, for example when counsel has been completely denied or is absent or unconscious
during critical portions of the trial, the appellate court may presume that both prongs of the test have
been met. United States v. Cronic, 466 U.S. 648, 659 (1984); see also Burdine v. Johnson, 262 F.3d
336, 346 (5th Cir. 2001).

 Appellant argues that defense counsel's complaints of fatigue during trial create a
presumption that defense counsel's performance prejudiced appellant's rights. Defense counsel filed
a motion for continuance based on his fatigue and inability to prepare the case before trial and
repeatedly stated to the court that he was fatigued during trial. However, no case law supports the
proposition that defense counsel's mere assertions of fatigue are sufficient to raise a presumption of
prejudice and ineffective assistance of counsel. Cf. Burdine, 262 F.3d at 346 (holding that defendant
had been prejudiced where record suggested that defense counsel had actually been asleep during
portions of trial). Because nothing in the record suggests that defense counsel ever slept or was
absent from the trial at any time, we overrule appellant's contention that defense counsel should be
presumed to have been ineffective. We now consider the balance of appellant's ineffective
assistance of counsel claim.

 Appellant asserts that he received ineffective assistance of counsel because: (1)
defense counsel's cross-examination of Carly Moore, an interview specialist working for child
protective services, elicited damaging hearsay evidence; (2) defense counsel failed to object to
statements made by Moore that bolstered the State's case; and (3) defense counsel improperly chose
to cross-examine Dr. Beth Nauert, a physician with special expertise in child abuse cases. To prove
the first prong of an ineffective assistance claim, we must decide whether the record establishes that
counsel failed to provide reasonably effective assistance. Strickland, 466 U.S. at 687-88; Hernandez,
926 S.W.2d at 55; Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). The appellant
must demonstrate that counsel's performance was unreasonable under the prevailing professional
norms and that the challenged action was not sound trial strategy. Strickland, 466 U.S. at 688;
Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). Appellant must prove ineffective
assistance by a preponderance of the evidence. Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim.
App. 1985). We do not evaluate the effectiveness of counsel in hindsight, but from counsel's
perspective at trial. Strickland, 466 U.S. at 689; Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim.
App. 1993). We assess the totality of the representation, rather than isolated acts or omissions. 
Garcia v. State, 887 S.W.2d 862, 880 (Tex. Crim. App. 1994); Mayhue v. State, 969 S.W.2d 503,
510 (Tex. App.--Austin 1998, no pet.).

 The appellate court presumes that defense counsel has provided reasonable
professional assistance, and the defendant must present proof to overcome this presumption. 
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We will not generally speculate
about counsel's trial strategy. Jackson, 877 S.W.2d at 771; Delrio v. State, 840 S.W.2d 443 (Tex.
Crim. App. 1992). An appellant, however, may rebut the presumption of effectiveness by providing
a record from which we may determine that trial counsel's performance was not based on sound
strategy. Jackson, 877 S.W.2d at 771-72; Bohnet v. State, 938 S.W.2d 532, 536 (Tex. App.--Austin
1997, pet. ref'd.).

 On direct examination, the State elicited from Moore a description of her interviewing
techniques and the circumstances of her interview with the victim. Defense counsel only objected
to the State asking whether the victim was able to describe the position of her body had been in. 
Later, during defense counsel's cross-examination, Moore made several statements regarding the
victim's description of events. These hearsay statements relayed the victim's description of the
abuse, including identifying which parts of appellant's body had touched her, reporting that appellant
had inserted his private part into hers, and stating that she called appellant's private part a "ding-a-ling" and a "thing." Appellant would have us decide that counsel's eliciting these statements
constituted ineffective assistance of counsel.

 Defense counsel's conduct during Moore's testimony reflects a choice to use Moore's
statements as the basis for introducing the videotape of Moore's interview with the victim. On voir
dire, outside the presence of the jury, Moore revealed that the victim had made allegations of abuse
against several men other than appellant. Defense counsel stated to the trial court that he intended
to offer the videotape of the victim to demonstrate that the victim had accused several other men of
sexually abusing her. Defense counsel hoped to establish that, although the victim had probably
been abused, she had not been abused by appellant. Although defense counsel's efforts to introduce
the videotape of Moore's interview with the victim were unsuccessful, the record shows that defense
counsel eventually succeeded in putting evidence before the jury that Bastrop County was, at the
time of trial, investigating allegations of abuse made by the same victim against a different
individual. Given that the decision to allow Moore to make some hearsay statements and to allow
the State to ask questions about interviewing technique was taken in the context of attempting to
offer Moore's videotaped interview of the victim into evidence, we cannot say that defense counsel's
strategic decisions regarding Moore's testimony were outside the scope of reasonable professional
assistance.

 Appellant claims that defense counsel should not have cross-examined Nauert. The
court ruled that Nauert could not discuss any allegations of abuse made against individuals other than
appellant, except in explaining a medical diagnosis. The State qualified Nauert as an expert for the
purpose of discussing the physical manifestations of penetration in young children. On cross-examination, defense counsel asked Nauert to discuss her examination of the victim, and Nauert
described the victim's condition as "normal." On redirect, the State elicited from Nauert that it is
not unusual for victims of abuse to have normal examinations. Appellant contends that, because
defense counsel elicited information regarding the examination and failed to have expert testimony
prepared to counter Nauert's assessment of the victim's condition, it was inappropriate to question
Nauert. However, proof of penetration was crucial to the State's case, and defense counsel was able
to demonstrate that Nauert's testimony did not prove that the victim had been assaulted. Indeed,
defense counsel emphasized in closing argument that Nauert's testimony proved nothing regarding
the accusations against appellant. We cannot say that the decision to cross-examine Nauert regarding
the physical examination was unreasonable under prevailing professional norms. See Strickland, 466
U.S. at 688; Stafford, 813 S.W.2d at 506.

 In this case, we have no record from which to accurately discern counsel's trial
strategy because no testimony was offered to support the ineffective assistance claim in the motion
for new trial proceedings. See Jackson, 768 S.W.2d at 772 (Baird, J., concurring). We note that the
record suggests that each strategic decision challenged by the appellant appears to have had a
reasonable justification. We overrule points of error one through four.


Appellant's Videotaped Interview

 Appellant next contends that the trial court abused its discretion in admitting
statements taken from the videotape of a non-custodial interview between the police and the
appellant. Appellant also argues that the defense counsel's failure to keep the videotape out of the
record and subsequent decision to introduce the videotaped statements constituted ineffective
assistance of counsel.

 The victim was appellant's granddaughter. Once appellant learned that there was an
investigation into his granddaughter's allegations, he went to the police and consented to a non-custodial interview, which was videotaped. During the interview, he revealed that during the 1980's,
he had sexually abused his own daughters. Appellant apparently hoped that, by being candid about
the earlier incidents, he could show that he was not likely to have abused the victim. Describing his
thoughts regarding the earlier incident and his subsequent behavior, appellant stated, "To be honest
with you, I do have thoughts all the time about little girls." He continued, "Those thoughts come
into my head, and I pray to God I won't do it." Appellant explained that he tried to avoid being in
situations where he might be tempted to molest young girls, saying, "I say, Buster, you know you
can't put yourself in situations with other kids." To emphasize his efforts not to put himself in a bad
situation, appellant stated, "I don't spend the night with friends that have children." 

 Defense counsel consistently objected to the introduction of these statements as being
prejudicial. See Tex. R. Evid. 403. To prevail on this issue, appellant would have to show that the
court's admission of the selected statements taken from the videotape was an abuse of discretion. 
Dubose v. State, 915 S.W.2d 493, 497-98 (Tex. Crim. App. 1996). It is not enough for us to disagree
with the trial court's determination--to be reversed, the holding must be outside the "zone of
reasonable disagreement." Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op.
on reh'g).

 The State offered the excerpted statements to demonstrate motive. See Tex. R. Evid.
404(b). The trial court carefully parsed the statements and ruled that each of them was sufficiently
probative to outweigh any prejudicial effects. These statements are admissions of a party defendant. 
See Tex. R. Evid. 801(e)(2)(A). They tend to demonstrate motive because they indicate that
appellant was constantly thinking about the possibility that he might sexually abuse young girls. We
note that, as offered by the State, none of the statements indicates that the defendant took part in any
extraneous bad acts; they only indicate appellant's admitted thoughts and motivations at the time of
the investigation. We will not intrude on the trial court's discretion to allow into evidence recorded
statements made by a defendant and offered to demonstrate motive. We reject appellant's claim that
the evidence was improperly admitted and overrule points five through ten. 

 When it became clear that certain portions of appellant's videotaped statement were
going to be introduced into evidence, defense counsel preemptively offered the entire videotape. 
Appellant claims that this decision constituted ineffective assistance of counsel because it revealed
to the jury that appellant had committed earlier acts of child abuse.

 Appellant would have us second-guess defense counsel's decision to introduce the
entire videotape, based on appellant's contention that by showing the entire video to the jury defense
counsel did more harm than good. However, to prevail, appellant must demonstrate that, from
defense counsel's perspective at the time of trial, the decision to introduce the videotape fell outside
of reasonable professional standards. Ex parte Kunkle, 852 S.W.2d at 505. Defense counsel had a
choice between allowing the State to produce these damaging statements on cross-examination or
introducing the statements himself in the best possible light. In opposing admission of the excerpts,
defense counsel argued that the excerpts were misleading when taken out of context. Introducing
the entire tape was an attempt by defense counsel to mitigate the damaging effect of the excerpts. 
Choosing to introduce the entire videotape was a strategic decision and the record before us provides
no indication that it was professionally unacceptable. Without the record that would have been
developed in a hearing on a motion for new trial, appellant cannot overcome the strong presumption
that defense counsel's actions were professionally acceptable. See Jackson, 768 S.W.2d at 772
(Baird, J., concurring). We reject appellant's ineffective assistance claims regarding the videotaped
interview of the appellant and overrule points of error eleven and twelve.


Factual Insufficiency

 Appellant argues that contradictions between the statements of the victim and her
brother, a witness to the abuse, combined with inconsistencies within the victim's own testimony,
created a situation in which no reasonable jury could have rendered a guilty verdict.

 In determining the factual sufficiency of the elements of the offense, the reviewing
court views all the evidence in a neutral light, rather than "in the light most favorable to the
prosecution." Johnson v. State, 23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000). The court reviews the
evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute and
compares it with the evidence that tends to disprove that fact. Id. 

 The inconsistencies cited by appellant go to the credibility of the various witnesses,
not to the underlying facts of the case. For example, while the victim's brother testified that he had
been on the floor in the same room while a particular instance of abuse was taking place, the victim
remembered that none of her siblings had been in the room. Balancing the credibility of conflicting
testimony is within the fact finder's discretion. Penagraph v. State, 623 S.W.2d 341, 343 (Tex.
Crim. App. 1981). We reject appellant's factual insufficiency claim and overrule point of error
thirteen.

 The judgment of the trial court is affirmed.



 

 Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: April 11, 2002

Do Not Publish