# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===============
## NO. 03-01-00238-CR
===============

**Buster Sargent, Appellant**

**v.**

**The State of Texas, Appellee**

==================================================================
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. 0995885, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING
==================================================================

A jury found appellant Buster Sargent guilty on three counts of aggravated sexual assault of a child and four counts of indecency with a child by contact. *See* Tex. Pen. Code Ann. §§ 21.11, 22.021 (West Supp. 2002). The jury assessed punishment at three life sentences for the aggravated sexual assault offenses, and four twenty-year sentences for the indecency with a child by contact offenses. In thirteen points of error, appellant contends that he received ineffective assistance of counsel, that the trial court erred in introducing videotaped statements made by the appellant during a non-custodial interview, and that the evidence was factually insufficient to support the jury's verdict. We will overrule these contentions and affirm the convictions.

*Ineffective Assistance of Counsel*

Appellant claims that he received ineffective assistance of counsel on two alternate grounds: (1) due to fatigue, defense counsel was constructively absent from the proceedings, and (2)

taken as a whole, defense counsel's actions fell below the minimum standard for professional conduct. To prevail on an ineffective assistance of counsel claim, appellant must show that counsel made serious errors and that those errors caused serious harm. *Strickland v. Washington*, 466 U.S. 668, 690 (1984); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). In some egregious circumstances, for example when counsel has been completely denied or is absent or unconscious during critical portions of the trial, the appellate court may presume that both prongs of the test have been met. *United States v. Cronic*, 466 U.S. 648, 659 (1984); *see also Burdine v. Johnson*, 262 F.3d 336, 346 (5th Cir. 2001).

Appellant argues that defense counsel's complaints of fatigue during trial create a presumption that defense counsel's performance prejudiced appellant's rights. Defense counsel filed a motion for continuance based on his fatigue and inability to prepare the case before trial and repeatedly stated to the court that he was fatigued during trial. However, no case law supports the proposition that defense counsel's mere assertions of fatigue are sufficient to raise a presumption of prejudice and ineffective assistance of counsel. *Cf. Burdine*, 262 F.3d at 346 (holding that defendant had been prejudiced where record suggested that defense counsel had *actually been asleep* during portions of trial). Because nothing in the record suggests that defense counsel ever slept or was absent from the trial at any time, we overrule appellant's contention that defense counsel should be presumed to have been ineffective. We now consider the balance of appellant's ineffective assistance of counsel claim.

Appellant asserts that he received ineffective assistance of counsel because: (1) defense counsel's cross-examination of Carly Moore, an interview specialist working for child protective

2

services, elicited damaging hearsay evidence; (2) defense counsel failed to object to statements made by Moore that bolstered the State's case; and (3) defense counsel improperly chose to cross-examine Dr. Beth Nauert, a physician with special expertise in child abuse cases. To prove the first prong of an ineffective assistance claim, we must decide whether the record establishes that counsel failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88; *Hernandez*, 926 S.W.2d at 55; *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). The appellant must demonstrate that counsel's performance was unreasonable under the prevailing professional norms and that the challenged action was not sound trial strategy. *Strickland*, 466 U.S. at 688; *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). Appellant must prove ineffective assistance by a preponderance of the evidence. *Moore v. State*, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). We do not evaluate the effectiveness of counsel in hindsight, but from counsel's perspective at trial. *Strickland*, 466 U.S. at 689; *Ex parte Kunkle*, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993). We assess the totality of the representation, rather than isolated acts or omissions. *Garcia v. State*, 887 S.W.2d 862, 880 (Tex. Crim. App. 1994); *Mayhue v. State*, 969 S.W.2d 503, 510 (Tex. App.—Austin 1998, no pet.).

The appellate court presumes that defense counsel has provided reasonable professional assistance, and the defendant must present proof to overcome this presumption. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We will not generally speculate about counsel's trial strategy. *Jackson*, 877 S.W.2d at 771; *Delrio v. State*, 840 S.W.2d 443 (Tex. Crim. App. 1992). An appellant, however, may rebut the presumption of effectiveness by providing a record from which we may determine that trial counsel's performance was not based on sound

3

strategy. *Jackson*, 877 S.W.2d at 771-72; *Bohnet v. State*, 938 S.W.2d 532, 536 (Tex. App.—Austin 1997, pet. ref'd.).

On direct examination, the State elicited from Moore a description of her interviewing techniques and the circumstances of her interview with the victim. Defense counsel only objected to the State asking whether the victim was able to describe the position of her body had been in. Later, during defense counsel's cross-examination, Moore made several statements regarding the victim's description of events. These hearsay statements relayed the victim's description of the abuse, including identifying which parts of appellant's body had touched her, reporting that appellant had inserted his private part into hers, and stating that she called appellant's private part a "ding-a-ling" and a "thing." Appellant would have us decide that counsel's eliciting these statements constituted ineffective assistance of counsel.

Defense counsel's conduct during Moore's testimony reflects a choice to use Moore's statements as the basis for introducing the videotape of Moore's interview with the victim. On voir dire, outside the presence of the jury, Moore revealed that the victim had made allegations of abuse against several men other than appellant. Defense counsel stated to the trial court that he intended to offer the videotape of the victim to demonstrate that the victim had accused several other men of sexually abusing her. Defense counsel hoped to establish that, although the victim had probably been abused, she had not been abused by appellant. Although defense counsel's efforts to introduce the videotape of Moore's interview with the victim were unsuccessful, the record shows that defense counsel eventually succeeded in putting evidence before the jury that Bastrop County was, at the time of trial, investigating allegations of abuse made by the same victim against a different individual.

4

Given that the decision to allow Moore to make some hearsay statements and to allow the State to ask questions about interviewing technique was taken in the context of attempting to offer Moore's videotaped interview of the victim into evidence, we cannot say that defense counsel's strategic decisions regarding Moore's testimony were outside the scope of reasonable professional assistance.

Appellant claims that defense counsel should not have cross-examined Nauert. The court ruled that Nauert could not discuss any allegations of abuse made against individuals other than appellant, except in explaining a medical diagnosis. The State qualified Nauert as an expert for the purpose of discussing the physical manifestations of penetration in young children. On cross-examination, defense counsel asked Nauert to discuss her examination of the victim, and Nauert described the victim's condition as "normal." On redirect, the State elicited from Nauert that it is not unusual for victims of abuse to have normal examinations. Appellant contends that, because defense counsel elicited information regarding the examination and failed to have expert testimony prepared to counter Nauert's assessment of the victim's condition, it was inappropriate to question Nauert. However, proof of penetration was crucial to the State's case, and defense counsel was able to demonstrate that Nauert's testimony did not prove that the victim had been assaulted. Indeed, defense counsel emphasized in closing argument that Nauert's testimony proved nothing regarding the accusations against appellant. We cannot say that the decision to cross-examine Nauert regarding the physical examination was unreasonable under prevailing professional norms. *See Strickland*, 466 U.S. at 688; *Stafford*, 813 S.W.2d at 506.

In this case, we have no record from which to accurately discern counsel's trial strategy because no testimony was offered to support the ineffective assistance claim in the motion

5

for new trial proceedings. *See Jackson*, 768 S.W.2d at 772 (Baird, J., concurring). We note that the record suggests that each strategic decision challenged by the appellant appears to have had a reasonable justification. We overrule points of error one through four.

### *Appellant's Videotaped Interview*

Appellant next contends that the trial court abused its discretion in admitting statements taken from the videotape of a non-custodial interview between the police and the appellant. Appellant also argues that the defense counsel's failure to keep the videotape out of the record and subsequent decision to introduce the videotaped statements constituted ineffective assistance of counsel.

The victim was appellant's granddaughter. Once appellant learned that there was an investigation into his granddaughter's allegations, he went to the police and consented to a non-custodial interview, which was videotaped. During the interview, he revealed that during the 1980's, he had sexually abused his own daughters. Appellant apparently hoped that, by being candid about the earlier incidents, he could show that he was not likely to have abused the victim. Describing his thoughts regarding the earlier incident and his subsequent behavior, appellant stated, "To be honest with you, I do have thoughts all the time about little girls." He continued, "Those thoughts come into my head, and I pray to God I won't do it." Appellant explained that he tried to avoid being in situations where he might be tempted to molest young girls, saying, "I say, Buster, you know you can't put yourself in situations with other kids." To emphasize his efforts not to put himself in a bad situation, appellant stated, "I don't spend the night with friends that have children."

6

Defense counsel consistently objected to the introduction of these statements as being prejudicial. *See* Tex. R. Evid. 403. To prevail on this issue, appellant would have to show that the court's admission of the selected statements taken from the videotape was an abuse of discretion. *Dubose v. State*, 915 S.W.2d 493, 497-98 (Tex. Crim. App. 1996). It is not enough for us to disagree with the trial court's determination—to be reversed, the holding must be outside the "zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

The State offered the excerpted statements to demonstrate motive. *See* Tex. R. Evid. 404(b). The trial court carefully parsed the statements and ruled that each of them was sufficiently probative to outweigh any prejudicial effects. These statements are admissions of a party defendant. *See* Tex. R. Evid. 801(e)(2)(A). They tend to demonstrate motive because they indicate that appellant was constantly thinking about the possibility that he might sexually abuse young girls. We note that, as offered by the State, none of the statements indicates that the defendant took part in any extraneous bad acts; they only indicate appellant's admitted thoughts and motivations at the time of the investigation. We will not intrude on the trial court's discretion to allow into evidence recorded statements made by a defendant and offered to demonstrate motive. We reject appellant's claim that the evidence was improperly admitted and overrule points five through ten.

When it became clear that certain portions of appellant's videotaped statement were going to be introduced into evidence, defense counsel preemptively offered the entire videotape. Appellant claims that this decision constituted ineffective assistance of counsel because it revealed to the jury that appellant had committed earlier acts of child abuse.

7

Appellant would have us second-guess defense counsel's decision to introduce the entire videotape, based on appellant's contention that by showing the entire video to the jury defense counsel did more harm than good. However, to prevail, appellant must demonstrate that, from defense counsel's perspective at the time of trial, the decision to introduce the videotape fell outside of reasonable professional standards. *Ex parte Kunkle*, 852 S.W.2d at 505. Defense counsel had a choice between allowing the State to produce these damaging statements on cross-examination or introducing the statements himself in the best possible light. In opposing admission of the excerpts, defense counsel argued that the excerpts were misleading when taken out of context. Introducing the entire tape was an attempt by defense counsel to mitigate the damaging effect of the excerpts. Choosing to introduce the entire videotape was a strategic decision and the record before us provides no indication that it was professionally unacceptable. Without the record that would have been developed in a hearing on a motion for new trial, appellant cannot overcome the strong presumption that defense counsel's actions were professionally acceptable. *See Jackson*, 768 S.W.2d at 772 (Baird, J., concurring). We reject appellant's ineffective assistance claims regarding the videotaped interview of the appellant and overrule points of error eleven and twelve.

### *Factual Insufficiency*

Appellant argues that contradictions between the statements of the victim and her brother, a witness to the abuse, combined with inconsistencies within the victim's own testimony, created a situation in which no reasonable jury could have rendered a guilty verdict.

In determining the factual sufficiency of the elements of the offense, the reviewing court views all the evidence in a neutral light, rather than "in the light most favorable to the

prosecution." *Johnson v. State*, 23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000). The court reviews the evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute and compares it with the evidence that tends to disprove that fact. *Id.*

The inconsistencies cited by appellant go to the credibility of the various witnesses, not to the underlying facts of the case. For example, while the victim's brother testified that he had been on the floor in the same room while a particular instance of abuse was taking place, the victim remembered that none of her siblings had been in the room. Balancing the credibility of conflicting testimony is within the fact finder's discretion. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981). We reject appellant's factual insufficiency claim and overrule point of error thirteen.

The judgment of the trial court is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:  April 11, 2002

Do Not Publish