TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00226-CR






William Thomas Johnson III, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-01-0813-S, HONORABLE BEN WOODWARD, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



At a bench trial, appellant William Thomas Johnson III, was convicted and sentenced
to seventeen years' imprisonment after pleading guilty to manufacturing more than four grams of
methamphetamine. See Tex. Health & Safety Code Ann. § 481.112(a), (d) (West Supp. 2003). He
now complains that he did not receive effective assistance of counsel. We will overrule this
contention and affirm.

After appellant entered his plea, the court took evidence relevant to punishment. 
Appellant testified that he did not make methamphetamine for sale, but only for personal use. He
acknowledged having a drug problem, but said that he had not used methamphetamine or any drug
since his arrest and release on bail. He was questioned by defense counsel:


Q. You're telling this Court, "I haven't taken a thing, period. You could test me right now --"


A. Test me right now.


Q. "-- and I would be clean as a whistle"?


A. Yes, sir.



Later, after testimony ended and the court expressed the need for a presentence report, defense
counsel stated:


Yes, sir. I have a comment, and I don't know whether I'm going to get in
terrible trouble with -- for this or not. I would like to request as part of the P.S.I.,
because Mr. Johnson has thrown the gauntlet down, that he go take a test
immediately. 


And maybe I will come to regret this request, but I guess I'm going to have
to have some faith in him and say, "please."



The record reflects that a drug test was administered, but the result is not in the record. In final
arguments, however, counsel began, "Judge, all I can say is I'm disappointed." We assume this
means appellant failed the test.

Appellant argues that counsel's decision to request a urinalysis that appellant would
not have been required to take was, in itself, so ill-advised and damaging as to constitute
ineffectiveness. We disagree.

To prevail on his ineffectiveness claim, appellant must show by a preponderance of
the evidence that counsel made such serious errors that he was not functioning effectively as counsel
and that these errors prejudiced appellant's defense to such a degree that he was deprived of a fair
trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 988 S.W.2d 770,
771-72 (Tex. Crim. App. 1999); Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). In
determining whether appellant has satisfied the first element of the test, we decide whether the record
establishes that counsel failed to provide reasonably effective assistance. Strickland, 466 U.S. at
687-88; Hernandez, 726 S.W.2d at 55; Wilkerson v. State, 726 S.W.2d 542, 548 (Tex. Crim. App.
1986). Appellant must demonstrate that counsel's performance was unreasonable under the
prevailing professional norms and that the challenged actions were not sound trial strategy. 
Strickland, 466 U.S. at 688; Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). We do
not evaluate the effectiveness of counsel in hindsight, but from counsel's perspective at trial. 
Strickland, 466 U.S. at 689; Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim. App. 1993);
Stafford, 813 S.W.2d at 506.

Trial strategy may constitute ineffective assistance only if the record demonstrates
that counsel's acts or omissions were without any plausible basis. Thompson v. State, 9 S.W.3d 808,
813 (Tex. Crim. App. 1999); McFarland v. State, 845 S.W.2d 824, 842 (Tex. Crim. App. 1992). 
A conscious and informed decision on trial strategy cannot be the basis for an ineffective assistance
claim unless it is so ill-chosen that it permeates the trial with obvious unfairness. In light of
appellant's testimony that he was no longer using drugs, we cannot say that it was unreasonable for
counsel to volunteer appellant for a drug test as a means of corroborating appellant's professed
reform. We also note that the district judge did not mention the apparently failed drug test when he
explained his reasons for imposing the sentence he did. Instead, the judge said that the sentence was
based on appellant having operated a methamphetamine lab in a residential neighborhood and on his
belief that appellant was selling the drug.

Appellant has failed to establish that his counsel's performance was deficient. The
point of error is overruled and the judgment of conviction is affirmed.



 

 David Puryear, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed: January 16, 2003

Do Not Publish