TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







OPINION FOLLOWING ABATEMENT









NO. 03-99-00301-CR


NO. 03-99-00302-CR






Joseph Ben Massingill, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NOS. 0982649 & 0982650, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING







On original submission, this Court held that appellant was denied his constitutional
right to the assistance of counsel in the preparation and filing of a motion for new trial. See
Massingill v. State, 8 S.W.3d 733, 737 (Tex. App.--Austin 1999, no pet.). As a remedy, the
Court abated the appeals and remanded the causes to the district court for a hearing on the motions
for new trial filed, albeit untimely, by the attorney ultimately appointed to represent appellant on
appeal. See id. at 738. The hearing was held and the motions for new trial were overruled. By
three points of error, appellant contends the evidence at the new trial hearing demonstrates that
he was denied effective assistance of trial counsel. We will overrule these points and affirm the
judgments of conviction.

To prevail on a claim of ineffective assistance of counsel, an appellant must show
that counsel made such serious errors that he was not functioning effectively as counsel and that
these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. 
See Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 988 S.W.2d 770,
771-72 (Tex. Crim. App. 1999); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986);
and see Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837
S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). In reviewing a claim of ineffective
assistance, we must indulge a strong presumption that counsel's conduct fell within the wide range
of reasonable professional assistance. See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994).

On April 14, 1998, appellant broke into the residence of the two complainants and,
over the course of the next two hours, sexually assaulted them repeatedly at knifepoint. Appellant
took money and jewelry as he left the house. Appellant was arrested on April 20 for two
unrelated aggravated robberies. The arresting officers noticed that he matched the description of
the April 14 assailant, and appellant was ultimately linked to these crimes by fingerprints, DNA
samples, and positive identifications by the two complainants. Appellant has hepatitis C and
herpes, and is HIV-positive. The complainants have thus far tested negative for the HIV virus,
but one now suffers from recurring genital herpes. 

Appellant was indicted for the aggravated sexual assault (count one) and aggravated
robbery (count two) of each complainant. Trial counsel testified that appellant freely admitted his
guilt but expressed little remorse, attributing his conduct to depression arising from his medical
problems and to the effects of a three-day crack cocaine binge. "Mr. Massingill kept emphasizing
. . . that he was sick, he had AIDS, he was a crack addict, he had mental problems, he had other
medical problems, and was what I would characterize as 'oh, poor me' sort of approach. I
counseled with him repeatedly that he needed to show more remorse and some sympathy for the
victims . . . ." 

Appellant, who has an extensive history of arrests and convictions, was also under
indictment in other causes for robbery, aggravated robbery, and burglary of a habitation. The
prosecutor told appellant's counsel that it was her intention to try each pending indictment
separately and to request cumulative sentencing. Although the State did not offer a plea bargain,
counsel advised appellant that it would be in his best interest in the instant causes to waive a jury,
plead guilty, and "beg for mercy." In counsel's experience, judges in Travis County rarely
cumulate sentences when a defendant pleads guilty. Counsel also believed that the State would
agree to dismiss the other indictments following a conviction in these causes. Counsel's instincts
proved correct; the sentences in these causes run concurrently and the other indictments were
dismissed. Counsel testified that he was "disappointed" by the life sentences, saying he had
anticipated "something in the 50 to 60 range."

Appellant contends trial counsel was ineffective because he did not pursue the
mitigating defense of temporary insanity due to voluntary drug intoxication, presumably at a jury
trial. See Tex. Penal Code Ann. § 8.04(b) (West 1994). Questioned about this at the new trial
hearing, trial counsel stated that he was "not aware of any time that's [the statutory defense] been
successful in Texas or certainly in Travis County, just as temporary intoxication from alcoholic
beverages is virtually never successful." Counsel added that he had had some success "in cases
less severe than this" in persuading judges to sentence drug-addicted defendants to substance abuse
probation rather than extended incarceration.

Appellant urges that trial counsel also was ineffective because he did not conduct
an independent investigation for mitigating evidence, but instead relied on the presentence
investigation conducted by the county probation department. Counsel explained that "it's been
my experience, they [the probation department] do a pretty thorough job" and their reports are
"pretty straight up." Appellant does not contend that there was undiscovered mitigating evidence.

Finally, appellant complains that trial counsel was ineffective because he did not
adequately prepare and guide him during the presentence investigation process. Counsel testified
that he repeatedly urged appellant to accept responsibility for his actions, to express remorse, and
to display sympathy for his victims. He also stressed to appellant the importance of telling the
truth during the presentence interview. Counsel acknowledged that appellant did not respond well
to this advice, but he believed appellant was more likely to make a favorable impression during
a presentence interview than during cross-examination before a jury. As it turned out, appellant
lied during the interview and made several statements blaming the complainants for the offenses. 
Asked why he did not attend the interview to advise appellant, counsel replied that attorneys do
not attend presentence interviews in state court. There is no evidence before us to the contrary. 
 We do not evaluate the effectiveness of counsel in hindsight, but from counsel's
perspective at trial. See Strickland, 466 U.S. at 689; Ex parte Kunkle, 852 S.W.2d 499, 505
(Tex. Crim. App. 1993). As trial counsel noted in his testimony, the factors appellant now cites
as mitigating -- his drug addiction, his medical problems, his mental instability -- were "double-edged swords." If appellant was unlikely to make a good impression during a probation
department interview, as he now complains, he was even less likely to make a good impression
at a jury trial. A jury determining the proper punishment for a vicious double sexual assault was
unlikely to be moved to sympathy by evidence that appellant was HIV-positive and had been
smoking crack cocaine for three days. Appellant's contention that his attorney did not conduct
a thorough investigation is not supported by evidence, and his complaint that counsel did not
adequately prepare him for the presentence interview is little more than an attempt to blame
counsel for his own unwillingness to follow advice. 

Appellant has not shown that trial counsel's performance was unreasonable under
prevailing professional norms. The points of error are overruled and the judgments of conviction
are affirmed.



 
 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Affirmed on Both Causes

Filed: May 11, 2000

Do Not Publish



sel advised appellant that it would be in his best interest in the instant causes to waive a jury,
plead guilty, and "beg for mercy." In counsel's experience, judges in Travis County rarely
cumulate sentences when a defendant pleads guilty. Counsel also believed that the State would
agree to dismiss the other indictments following a conviction in these causes. Counsel's instincts
proved correct; the sentences in these causes run concurrently and the other indictments were
dismissed. Counsel testified that he was "disappointed" by the life sentences, saying he had
anticipated "something in the 50 to 60 range."

Appellant contends trial counsel was ineffective because he did not pursue the
mitigating defense of temporary insanity due to voluntary drug intoxication, presumably at a jury
trial. See Tex. Penal Code Ann. § 8.04(b) (West 1994). Questioned about this at the new trial
hearing, trial counsel stated that he was "not aware of any time that's [the statutory defense] been
successful in Texas or certainly in Travis County, just as temporary intoxication from alcoholic
beverages is virtually never successful." Counsel added that he had had some success "in cases
less severe than this" in persuading judges to sentence drug-addicted defendants to substance abuse
probation rather than extended incarceration.

Appellant urges that trial counsel also was ineffective because he did not conduct
an independent investigation for mitigating evidence, but instead relied on the presentence
investigation conducted by the county probation department. Counsel explained that "it's been
my experience, they [the probation department] do a pretty thorough job" and their reports are
"pretty straight up." Appellant does not contend that there was undiscovered mitigating evidence.

Finally, appellant complains that trial counsel was ineffective because he did not
adequately prepare and guide him during the presentence investigation process. Counsel testified
that he repeatedly urged appellant to accept responsibility for his actions, to express remorse, and
to display sympathy for his victims. He also stressed to appellant the importance of telling the
truth during the presentence interview. Counsel acknowledged that appellant did not respond well
to this advice, but he believed appellant was more likely to make a favorable impression during
a presentence interview than during cross-examination before a jury. As it turned out, appellant
lied during the interview and made several statements blaming the complainants for the offenses. 
Asked why he did not attend the interview to advise appellant, counsel replied that attorneys do
not attend presentence interviews in state court. There is no evidence before us to the contrary. 
 We do not evaluate the effectiveness of counsel in hindsight, but from counsel's
perspective at trial. See Strickland, 466 U.S. at 689; Ex parte Kunkle, 852 S.W.2d 499, 505
(Tex. Crim. App. 1993). As trial counsel noted in his testimony, the factors appellant now cites
as mitigating -- his drug addiction, his medical problems, his mental instability -- were "double-edged swords." If appellant was unlikely to make a good impression during a probation
department interview, as he now complains, he was even less likely to make a good impression
at a jury trial. A jury determining the proper punishment for a vicious double sexual assault was
unlikely to be moved to sympathy by evidence that appellant was HIV-positive and had been
smoking crack cocaine for three days. Appellant's contention that his attorney did not conduct
a thorough investigation is not supported by evidence, and his complaint that counsel did not
adequately prepare him for the presentence interview is little more than an attempt to blame
counsel for his own unwillingness to follow advice. 

Appellant has not shown that trial counsel's performance was unreasonable under
prevailing professional norms. The points of error are overruled and the judgments of conviction
are affirmed.



 
 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Affirmed on Both Causes

Filed: May 11, 2000

Do Not Publish



sel advised appellant that it would be in his best interest in the instant causes to waive a jury,
plead guilty, and "beg for mercy." In counsel's experience, judges in Travis County rarely
cumulate sentences when a defendant pleads guilty. Counsel also believed that the State would
agree to dismiss the other indictments following a conviction in these causes. Counsel's instincts
proved correct; the sentences in these causes run concurrently and the other indictments were
dismissed. Counsel testified that he was "disappointed" by the life sentences, saying he had
anticipated "something in the 50 to 60 range."

Appellant contends trial counsel was ineffective because he did not pursue the
mitigating defense of temporary insanity due to voluntary drug intoxication, presumably at a jury
trial. See Tex. Penal Code Ann. § 8.04(b) (West 1994). Questioned about this at the new trial
hearing, trial counsel stated that he was "not aware of any time that's [the statutory defense] been
successful in Texas or certainly in Travis County, just as temporary intoxication from alcoholic
beverages is virtually never successful." Counsel added that he had had some success "in cases
less severe than this" in persuading judges to sentence drug-addicted defendants to substance abuse
probation rather than extended incarceration.

Appellant urges that trial counsel also was ineffective because he did not conduct
an independent investigation for mitigating evidence, but instead relied on the presentence
investigation conducted by the county probation department. Counsel explained that "it's been
my experience, they [the probation department] do a pretty thorough job" and their reports are
"pretty straight up." Appellant does not contend that there was undiscovered mitigating evidence.

Finally, appellant complains that trial counsel was ineffective because he did not
adequately prepare and guide him during the presentence investigation process. Counsel testified
that he repeatedly urged appellant to accept responsibility for his actions, to express remorse, and
to display sympathy for his victims. He also stressed to appellant the importance of telling the
truth during the presentence interview. Counsel acknowledged that appellant did not respond well
to this advice, but he believed appellant was more likely to make a favorable impression during
a presentence interview than during cross-examination before a jury. As it turned out, appellant
lied during the interview and made several statements blaming the complainants for the offenses. 
Asked why he did not attend the interview to advise appellant, counsel replied that attorneys do
not attend presentence interviews in state court. There is no evidence before us to the contrary. 
 We do not evaluate the effectiveness of counsel in hindsight, but from counsel's
perspective at trial. See Strickland, 466 U.S. at 689; Ex parte Kunkle, 852 S.W.2d 499, 505
(Tex. Crim. App. 1993). As trial counsel noted in his testimony, the factors appellant now cites
as mitigating -- his drug addiction, his medical problems, his mental instability -- were "double-edged swords." If appellant was unlikely to make a good impression during a probation
department interview, as he now complains, he was even less likely to make a good impression
at a jury trial. A jury determining the proper punishment for a vicious double sexual assault was
unlikely to be moved to sympathy by evidence that appellant was HIV-positive and had been
smoking crack cocaine for three days. Appellant's contention that his attorney did not conduct
a thorough investigation is not supported by evidence, and his complaint that counsel did not
adequately prepare him for the presentence interview is little more than an attempt to blame
counsel for his own unwillingness to follow advice. 

Appellant has not shown that trial counsel's performance was unreasonable under
prevailing professional norms. The points of error are overruled and the judgments of conviction
are affirmed.



 
 J. Woodfin Jones, Justice