CARR V. STATE

NO. 07-00-0506-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 24, 2001

______________________________

EDWIN D. CARR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 137
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-429052; HONORABLE CECIL PURYEAR, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

By this appeal, appellant Edwin D. Carr challenges his conviction by a jury of aggravated sexual assault with punishment assessed at 30 years confinement.  By two issues he contends that (1) he received ineffective assistance of counsel, and (2) the trial court erred in failing to instruct the jury pursuant to Rule 105(a) of the Texas Rules of Evidence.  Based upon the rationale expressed herein, we affirm the judgment of the trial court.

On July 11, 1998, appellant’s nine-year-old daughter, Tierra, awoke complaining of asthma.  To get her ready to go the doctor, Tierra’s mother, Jeanette Carr, gave her a bath.  While Jeanette was bathing the child, Tierra complained of some soreness in the genital area.  The child explained that appellant had been coming into her room and putting his fingers into her vagina and making her perform oral sex on him.  After hearing this, Jeanette had the child taken to the emergency room and injuries consistent with sexual assault were discovered.  Appellant was indicted and convicted by a jury of aggravated sexual assault and punishment was assessed at 30 years confinement.  

By his first issue, appellant contends that he received ineffective assistance of counsel.  We disagree.  To establish ineffective assistance of counsel, appellant must show (1) trial counsel’s performance was deficient (i.e., fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for trial counsel’s deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome.  Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 726 S.W.2d 53 (Tex.Cr.App. 1986). 

The adequacy of defense counsel’s assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel.  Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), 
cert. denied
, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995).  Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight.  Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); 
see also
 Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993).  A strong presumption exists that defense counsel's conduct falls within a wide range of reasonable representation.  
Strickland,
 466 U.S. at 690, 104 S.Ct. at 2064, 80 L.Ed.2d at 695; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr. App. 1999), 
cert. denied
, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000).  To sustain a challenge of ineffective assistance, it must be firmly founded in the record, Mercado v. State, 615 S.W.2d 225, 228 (Tex.Cr.App. 1981), and the defendant must overcome the presumption that counsel's conduct might be considered sound trial strategy.  Jackson v. State, 877 S.W.2d 768, 771 (Tex.Cr.App. 1994).  After proving error, a defendant must also affirmatively demonstrate prejudice.  
Garcia, 
887 S.W.2d at 880.  Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.  
Id. 

Appellant’s complaint focuses on trial counsel’s failure to object to introduction of extraneous criminal conduct or to request a limiting instruction.  When claiming ineffective assistance for failure to object, an appellant must demonstrate that if counsel had objected, the judge would have committed error in refusing to sustain the objection.  Brown v. State, 6 S.W.3d 571, 575 (Tex.App.–Tyler 1999, pet. ref’d), 
citing
 Vaughn v. State, 931 S.W.2d 564, 566 (Tex.Cr.App. 1996).  Because this case involves a sexual offense with a child, the trial judge could have overruled the objection appellant claims counsel should have made under article 38.37, section 2 of the Texas Code of Criminal Procedure (Vernon Supp. 2001).  Additionally, because a motion for new trial was not filed nor a hearing conducted to establish why counsel did not make certain objections, we must presume that counsel’s lack of certain objections was sound trial strategy and fell within a wide range of reasonable representation.  Issue one is overruled.

By his second issue, appellant contends that the trial court erred in failing to 
sua sponte
 instruct the jury regarding extraneous criminal conduct.  We disagree.  Appellant did not ask for a limiting instruction and thus he cannot complain of its absence on appeal.  Rodriguez v. State, 974 S.W.2d 364, 370 (Tex.App.–Amarillo 1998, pet. ref’d).  Tex. R. App. P. 33.1(a); Tex. R. Evid. 105(a).  Issue two is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

        Justice

Do not publish.