NO. 07-00-0301-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JANUARY 9, 2003



______________________________




ARTHUR GARY PHILLIPS, APPELLANT



V.



THAT STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 183RD DISTRICT COURT OF HARRIS COUNTY;



NO. 795926; HONORABLE JOAN HUFFMAN, JUDGE



_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

MEMORANDUM OPINION (2)


 Upon a plea of not guilty, appellant Arthur Gary Phillips was convicted by a jury of
the felony offense of injury to an elderly person, enhanced, and the trial court assessed
punishment at 15 years confinement. By three issues, appellant contends 1) he was
denied the presumption of innocence because he was tried in the same clothes worn
during the alleged offense and at the time of arrest; 2) he was deprived of effective
assistance of counsel guaranteed by the Texas and United States Constitutions; and 3)
the trial court erred by permitting the State to introduce evidence of his insanity evaluation. 
Based upon the rationale expressed herein, we affirm.

 Appellant does not challenge the sufficiency of the evidence; thus, only a brief
recitation of the facts is necessary. On September 18, 1998, appellant approached the
victim, a man over the age of 65, and asked him the whereabouts of a particular residence. 
When the victim inquired the nature of his business because he was a stranger to the
neighborhood, appellant, unsatisfied with the response, struck the victim in the face with
his closed fist, breaking the victim's glasses and causing him to be severely cut. A postal
carrier, who testified at trial, witnessed the entire incident, personally knew the victim, and
knew appellant by sight, because she was also his mail carrier. The victim and the postal
carrier both gave descriptions and police later apprehended appellant. We consider
appellant's issues in logical rather than sequential order. 

 By his first issue, appellant contends he was denied the presumption of innocence
because he was tried in the same clothes worn during the alleged offense and at the time
of arrest. By his third issue, he contends the trial court erred by permitting the State to
introduce evidence of appellant's insanity evaluation. In order to preserve a complaint for
appellate review, the record must show that the complaint was made to the trial court by
a timely request, objection, or motion that was pursued to an adverse ruling. See Tex. R.
App. P. 33.1; see also Norris v. State, 902 S.W.2d 428, 446 (Tex.Cr.App. 1995). Because
the record reflects that no objection was made with respect to either issue, these issues
present nothing for our review and are overruled.

 By his second issue, appellant contends he was deprived of effective assistance of
counsel guaranteed by the Texas and United States Constitutions because he failed to
object to the clothing appellant wore during the trial as being the same worn by the alleged
assailant and appellant when he was arrested. (3) Ignoring the implicit admission this
argument presents that the assailant and appellant either share clothing or are the same
person, we disagree.

 To establish ineffective assistance of counsel, appellant must show (1) trial
counsel's performance was deficient (i.e., fell below an objective standard of
reasonableness), and (2) there is a reasonable probability that but for trial counsel's
deficient performance, the result of the proceeding would have been different, a
reasonable probability being a probability sufficient to undermine confidence in the
outcome. Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984); Hernandez v. State, 726 S.W.2d 53 ( Tex.Cr.App. 1986).

 The adequacy of defense counsel's assistance is based upon the totality of the
representation rather than by isolated acts or omissions of trial counsel. Garcia v. State,
887 S.W.2d 862, 880 (Tex.Cr.App. 1994), cert. denied, 514 U.S. 1021, 115 S.Ct. 1368,
131 L.Ed.2d 223 (1995). Although the constitutional right to counsel ensures the right to
reasonably effective counsel, it does not guarantee errorless counsel whose competency
or accuracy of representation is to be judged by hindsight. Ingham v. State, 679 S.W.2d
503, 509 (Tex.Cr.App. 1984); see also Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App.
1993). A strong presumption exists that defense counsel's conduct falls within a wide
range of reasonable representation. Strickland, 466 U.S. at 690, 104 S.Ct. at 2064, 80
L.Ed.2d at 695; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr.App. 1999), cert. denied,
529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). To sustain a challenge of
ineffective assistance, it must be firmly founded in the record, Mercado v. State, 615
S.W.2d 225, 228 (Tex.Cr.App. 1981), and the defendant must overcome the presumption
that counsel's conduct might be considered sound trial strategy. Jackson v. State, 877
S.W.2d 768, 771 (Tex.Cr.App. 1994). After proving error, a defendant must also
affirmatively demonstrate prejudice. Garcia, 887 S.W.2d at 880. Failure to make the
required showing of either deficient performance or sufficient prejudice defeats the
ineffectiveness claim. Id. 

 When claiming ineffective assistance for failure to object, an appellant must
demonstrate that if counsel had objected, the judge would have committed error in refusing
to sustain the objection. Brown v. State, 6 S.W.3d 571, 575 (Tex.App.-Tyler 1999, pet.
ref'd) (citing Vaughn v. State, 931 S.W.2d 564, 566 (Tex.Cr.App. 1996)). The gist of
appellant's argument is that trial counsel was deficient for failure to object to him being
tried in the same clothing he was in during the time he committed the offense. However,
this contention is not supported by the record. A thorough review of the record fails to
show what clothing appellant was wearing at trial. Therefore, there is no showing that if
counsel had objected, the judge would have committed error in refusing to sustain the
objection. Therefore, counsel's performance was not deficient. Having failed to meet his
burden of proving deficient performance under the first prong of Strickland, appellant's
ineffective assistance claim fails. Issue two is overruled.

 Accordingly, the judgment of the trial court is affirmed. 


 Don H. Reavis

 Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. Tex. R. App. P. 47.4.
3. Although counsel suggests other potential basis for consideration of an ineffective
assistance claim, we agree, as she concedes, these potential grounds are not sufficiently
founded in the record to merit consideration on direct appeal.