NO. 07-00-0301-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JANUARY 9, 2003

_____

ARTHUR GARY PHILLIPS, APPELLANT

V.

THAT STATE OF TEXAS, APPELLEE

_____

FROM THE 183RD DISTRICT COURT OF HARRIS COUNTY;

NO. 795926; HONORABLE JOAN HUFFMAN, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[*]

**MEMORANDUM OPINION**[1]

Upon a plea of not guilty, appellant Arthur Gary Phillips was convicted by a jury of

the felony offense of injury to an elderly person, enhanced, and the trial court assessed

---

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[1]Tex. R. App. P. 47.4.

punishment at 15 years confinement. By three issues, appellant contends 1) he was denied the presumption of innocence because he was tried in the same clothes worn during the alleged offense and at the time of arrest; 2) he was deprived of effective assistance of counsel guaranteed by the Texas and United States Constitutions; and 3) the trial court erred by permitting the State to introduce evidence of his insanity evaluation. Based upon the rationale expressed herein, we affirm.

Appellant does not challenge the sufficiency of the evidence; thus, only a brief recitation of the facts is necessary. On September 18, 1998, appellant approached the victim, a man over the age of 65, and asked him the whereabouts of a particular residence. When the victim inquired the nature of his business because he was a stranger to the neighborhood, appellant, unsatisfied with the response, struck the victim in the face with his closed fist, breaking the victim's glasses and causing him to be severely cut. A postal carrier, who testified at trial, witnessed the entire incident, personally knew the victim, and knew appellant by sight, because she was also his mail carrier. The victim and the postal carrier both gave descriptions and police later apprehended appellant. We consider appellant's issues in logical rather than sequential order.

By his first issue, appellant contends he was denied the presumption of innocence because he was tried in the same clothes worn during the alleged offense and at the time of arrest. By his third issue, he contends the trial court erred by permitting the State to introduce evidence of appellant's insanity evaluation. In order to preserve a complaint for

appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that was pursued to an adverse ruling. *See* Tex. R. App. P. 33.1; *see also* Norris v. State, 902 S.W.2d 428, 446 (Tex.Cr.App. 1995). Because the record reflects that no objection was made with respect to either issue, these issues present nothing for our review and are overruled.

By his second issue, appellant contends he was deprived of effective assistance of counsel guaranteed by the Texas and United States Constitutions because he failed to object to the clothing appellant wore during the trial as being the same worn by the alleged assailant and appellant when he was arrested.[2] Ignoring the implicit admission this argument presents that the assailant and appellant either share clothing or are the same person, we disagree.

To establish ineffective assistance of counsel, appellant must show (1) trial counsel's performance was deficient (i.e., fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for trial counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Hernandez v. State, 726 S.W.2d 53 ( Tex.Cr.App. 1986).

---

[2]Although counsel suggests other potential basis for consideration of an ineffective assistance claim, we agree, as she concedes, these potential grounds are not sufficiently founded in the record to merit consideration on direct appeal.

3

The adequacy of defense counsel's assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel. Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), *cert. denied*, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995). Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); *see also* Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993). A strong presumption exists that defense counsel's conduct falls within a wide range of reasonable representation. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2064, 80 L.Ed.2d at 695; Dewberry v. State, 4 S.W.3d 735, 757 (Tex.Cr.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). To sustain a challenge of ineffective assistance, it must be firmly founded in the record, Mercado v. State, 615 S.W.2d 225, 228 (Tex.Cr.App. 1981), and the defendant must overcome the presumption that counsel's conduct might be considered sound trial strategy. Jackson v. State, 877 S.W.2d 768, 771 (Tex.Cr.App. 1994). After proving error, a defendant must also affirmatively demonstrate prejudice. *Garcia*, 887 S.W.2d at 880. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Id.*

When claiming ineffective assistance for failure to object, an appellant must demonstrate that if counsel had objected, the judge would have committed error in refusing to sustain the objection. Brown v. State, 6 S.W.3d 571, 575 (Tex.App.–Tyler 1999, pet.

4

ref'd) (citing Vaughn v. State, 931 S.W.2d 564, 566 (Tex.Cr.App. 1996)). The gist of appellant's argument is that trial counsel was deficient for failure to object to him being tried in the same clothing he was in during the time he committed the offense. However, this contention is not supported by the record. A thorough review of the record fails to show what clothing appellant was wearing at trial. Therefore, there is no showing that if counsel had objected, the judge would have committed error in refusing to sustain the objection. Therefore, counsel's performance was not deficient. Having failed to meet his burden of proving deficient performance under the first prong of *Strickland*, appellant's ineffective assistance claim fails. Issue two is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.