NO. 07-02-0451-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 18, 2003



______________________________




DALE SWINDALL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-434197; HONORABLE JOHN FORBIS, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following a plea of not guilty, appellant was convicted by a jury of aggravated
sexual assault and punishment was assessed at confinement for life. (1) Presenting a sole
issue, appellant asserts he was denied effective assistance of counsel in violation of the
Sixth Amendment and the Due Process Clause of the Fourteenth Amendment. Based
upon the rationale expressed herein, we affirm.

 Appellant contends he was denied ineffective assistance of counsel. We disagree. 
A claim of ineffective assistance of counsel is reviewed under the standard set out in
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). (2) Under
Strickland, a defendant must establish that (1) counsel's performance was deficient (i.e.,
fell below an objective standard of reasonableness), and (2) there is a reasonable
probability that but for counsel's deficient performance, the result of the proceeding would
have been different, a reasonable probability being a probability sufficient to undermine
confidence in the outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003);
see also Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). In other words,
appellant must demonstrate that the deficient performance prejudiced his defense. 
Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). Failure to make the required
showing of either deficient performance or sufficient prejudice defeats the ineffectiveness
claim. Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), cert. denied, 514 U.S.
1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995). 

 The adequacy of defense counsel's assistance is based upon the totality of the
representation rather than by isolated acts or omissions of trial counsel. Id. Although the
constitutional right to counsel ensures the right to reasonably effective counsel, it does not
guarantee errorless counsel whose competency or accuracy of representation is to be
judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); see also
Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993). Appellate review of trial
counsel's representation is highly deferential and presumes that counsel's conduct fell
within the wide range of reasonable and professional representation. Bone v. State, 77
S.W.3d 828, 833 (Tex.Cr.App. 2002); see also Mallett v. State, 65 S.W.3d 59, 63
(Tex.Cr.App. 2001). Also, any allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged ineffectiveness. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999).

 Appellant was convicted of sexual assault of a child. He claims counsel was
ineffective in the following acts of omission:

  failure to adequately investigate the facts;

  failure to seek out and interview potential witnesses;


 failure to call witnesses to testify; and
 failure to present documentary evidence through expert witnesses
that would have created reasonable doubt.


 

 Relying on Smith v. State, 894 S.W.2d 876 (Tex.App.-Amarillo 1995, pet. ref'd) and
Winn v. State, 871 S.W.2d 756 (Tex.App.-Corpus Christi 1993, no pet.), appellant
contends trial counsel failed to call an expert witness to testify or present medical records
that he suffered from erectile dysfunction at the time of the alleged offense. He also
complains that no expert testimony was presented that he had Peyronie's disease and the
effect of it on his ability to function sexually and that he had seen a doctor for that
condition in July 1997. Appellant concludes that trial counsel's acts of omission were
harmful because expert testimony would have refuted the victim's testimony.

 Following his conviction, appellant filed a motion for new trial alleging ineffective
assistance of counsel. However, no hearing was held on the motion and it was overruled
by operation of law. Trial counsel should ordinarily be afforded an opportunity to explain
his trial strategy before being denounced as ineffective. Rylander, 101 S.W.3d at 111,
citing Bone, 77 S.W.3d at 836. As the Court of Criminal of Appeals has previously stated,
rarely will the record on direct appeal be sufficient to show that counsel's conduct was so
deficient as to meet the first prong of Strickland as the "reasonableness of counsel's
choices often involves facts that do not appear in the appellate record." Mitchell v. State,
68 S.W.3d 640, 642 (Tex.Cr.App. 2002). An application for a post-conviction writ of a
habeas corpus is the more appropriate vehicle to raise and develop ineffective assistance
of counsel claims. Id. 

 As the State urges, there is nothing in this record to show counsel's motives or
strategy in not presenting expert testimony of appellant's claims of erectile dysfunction and
Peyronie's disease. The appellate record is not adequately developed to sustain
appellant's argument and on the record before us, we cannot determine whether counsel's
conduct fell below an objective standard of reasonableness. Appellant's sole issue is
overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice

 

Do not publish.
1. An appeal from this conviction was previously dismissed for want of jurisdiction in
cause number 07-00-0559-CR. However, following his post-conviction application for a
writ of habeas corpus, the Court of Criminal Appeals granted appellant an out-of-time
appeal.
2. The Court of Criminal Appeals has overruled both Ex parte Duffy, 607 S.W.2d 507,
516 (Tex.Cr.App. 1980) and Ex parte Cruz, 739 S.W.2d 53 (Tex.Cr.App. 1987) by its
decision in Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App. 1999).