NO. 07-04-0071-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

FEBRUARY 8, 2005

_____


BRIAN EDWARD LYNCH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 47,323-B; HONORABLE JOHN BOARD, JUDGE

_____


Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following his plea of not guilty, appellant Brian Edward Lynch was convicted by a jury of injury to a child and sentenced to 60 years confinement and a $10,000 fine. Presenting two points of error, appellant contends (1) he was denied a fair and impartial trial because the trial court permitted the State to introduce into evidence before a jury

during the punishment hearing a misdemeanor conviction without prior identification of same, and (2) trial counsel was ineffective for failing to make a timely objection to the introduction of the misdemeanor conviction. We affirm.

Appellant discharged a shotgun at his 14 year-old girlfriend following an argument. One of her hands was severely injured and had to be cut off and she also sustained severe injuries to her mouth and chin. Appellant does not challenge the sufficiency of the evidence to support his conviction; rather, he complains of admission of a misdemeanor conviction during the punishment phase and trial counsel's failure to object to its admission.

During the punishment hearing, the State, defense counsel, and the trial court discussed the State's intent to introduce juvenile adjudications and extraneous conduct involving the use of a firearm. Defense counsel objected on the basis of Rules 403 and 404 of the Texas Rules of Evidence, which the trial court overruled. The court also ruled that the juvenile adjudications were admissible per article 37.07, section 3 of the Texas Code of Criminal Procedure. At the conclusion of the testimony, the State offered three exhibits which were admitted after the trial court granted defense counsel a running objection based on her earlier objection. Defense counsel also informed the court that she had "agreed to stipulate that Mr. Lynch was indeed the same Brian Lynch as contained within the adjudication." The court accepted the stipulation subject to and without waiving counsel's prior objection based on Rules 403 and 404.

Appellant first contends he was denied a fair and impartial trial because the trial court permitted the State to introduce into evidence during the punishment hearing a misdemeanor conviction without prior identification of the same. We disagree. In order to preserve a complaint for appellate review, a timely and specific objection must be made and followed by an adverse ruling. Tex. R. App. P. 33.1(a); Martinez v. State, 91 S.W.3d 331, 335-56 (Tex.Cr.App. 2002). Defense counsel stipulated to appellant's identity for prior convictions and her objection to admission of the prior offenses was based on Rules 403 and 404 of the Texas Rules of Evidence. As the State points out, no mention of the exhibit for the misdemeanor conviction was even mentioned during closing argument. Further, as raised in appellant's second point of error, trial counsel failed to object to the introduction of the misdemeanor conviction. Thus, appellant's first point contention is not preserved for review.

By his second point, appellant contends he was denied effective assistance of counsel because trial counsel failed to make a timely objection to the introduction of a misdemeanor conviction. We disagree.

A claim of ineffective assistance of counsel during the punishment phase is reviewed under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).[1] Under *Strickland*, a defendant must establish that (1) counsel's

[1]The Court of Criminal Appeals has overruled both Ex parte Duffy, 607 S.W.2d 507, 516 (Tex.Cr.App. 1980) and Ex parte Cruz, 739 S.W.2d 53 (Tex.Cr.App. 1987) by its decision in Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App. 1999).

3

performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome.  Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); *see also* Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986).  In other words, appellant must demonstrate that the deficient performance prejudiced his defense.  Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002).  Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.  Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), *cert. denied*, 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995).

The adequacy of defense counsel's assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel.  *Id*.  Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight.  Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); *see also* Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993).  Appellate review of trial counsel's representation is highly deferential and presumes that counsel's conduct fell within the wide range of reasonable and professional representation. Bone v. State, 77 S.W.3d 828, 833 (Tex.Cr.App. 2002); *see also* Mallett v. State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001).

4

Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999). Generally, the record on direct appeal will not be sufficient to show that counsel's conduct was so deficient as to meet the first prong of the *Strickland* standard as the reasonableness of counsel's choices often involves facts that do not appear in the record. *See Mitchell*, 68 S.W.2d at 642. Instead, an application for a post-conviction writ of habeas corpus is usually the appropriate manner in which to raise and develop claims based on ineffective assistance of counsel. *Id.*

Although a motion for new trial was filed, no hearing was held in which appellant could have presented evidence as to why defense counsel did not object to the admission of the misdemeanor conviction. The record neither demonstrates counsel's motive for not objecting nor does it explain whether her silence was sound trial strategy. Thus, appellant did not overcome the presumption that counsel's conduct fell within the wide range of reasonable and professional representation. Moreover, the State was prepared to introduce testimony to establish appellant's identity on the prior convictions. Point of error two is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.