WARD V. STATE



NO. 07-04-0495-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 16, 2006



______________________________




ALVIE DALE WARD, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 15,724-A; HONORABLE HAL MINER, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

 Following a plea of not guilty, appellant Alvie Dale Ward was convicted by a jury of
forgery and sentenced to one year confinement. Presenting three issues, appellant
contends his trial counsel's representation was ineffective and he is entitled to a new trial
because counsel (1) did not speak with potential alibi witnesses before trial, (2) did not call
potential alibi witnesses that were at the courthouse and were willing and available to
testify, and (3) did not subpoena two alibi witnesses that were willing and available to
testify. We affirm.

 Appellant was charged with passing an unauthorized check at a Pak-A-Sak
convenience store in Amarillo. Upon discovering the check was a forgery, the store clerk
provided police with a physical description of the culprit and the license plate number of
the vehicle he was driving. (1) Police identified the vehicle as belonging to appellant's son-in-law who lived with appellant. When presented with a photo lineup, the clerk identified
appellant as the person who gave her the check. When contacted by police, appellant
denied any knowledge of the incident and provided detectives with a handwriting sample. 
The sample was inconclusive. 

 At trial, appellant testified he could not have passed the unauthorized check
because, at the time of the offense, he was working in Dalhart where he had contracted
to install flooring. In support of his argument, he produced a receipt for two motel rooms
in Dalhart where he claimed he stayed along with his three brothers. None of the men
were called to testify at appellant's trial. Following his conviction, appellant filed a motion
for new trial claiming that, because trial counsel did not call any alibi witnesses to testify
to appellant's whereabouts, material evidence was not presented to the jury for
consideration.

 At a hearing on the motion, testimony revealed that several family members,
including appellant's brothers, were present outside the courtroom and were willing to
testify, but were told by counsel that they needed to leave. Two additional witnesses, the
owner of the motel and his employer's bookkeeper, testified they were never contacted by
counsel in connection with the case. Appellant's trial counsel also testified at the hearing. 
At the conclusion of the testimony, the trial court denied appellant's motion. Appellant
subsequently filed a notice of appeal. Because appellant's issues are factually similar, we
will consider them together.

 A claim of ineffectiveness is reviewed under the standard set out in Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, a
defendant must establish that (1) counsel's performance was deficient (i.e., fell below an
objective standard of reasonableness), and (2) there is a reasonable probability that but
for counsel's deficient performance, the result of the proceeding would have been different,
a reasonable probability being a probability sufficient to undermine confidence in the
outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); Hernandez v.
State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). In other words, a defendant must
demonstrate the deficient performance prejudiced his defense. Mitchell v. State, 68
S.W.3d 640, 642 (Tex.Cr.App. 2002).

 The adequacy of defense counsel's assistance is based upon the totality of the
representation rather than by isolated acts or omissions of trial counsel. Id. Although the
constitutional right to counsel ensures the right to reasonably effective counsel, it does not
guarantee errorless counsel whose competency or accuracy of representation is to be
judged by hindsight. Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993); Ingham
v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984). Appellate review of trial counsel's
representation is highly deferential and presumes that counsel's conduct fell within the
wide range of reasonable and professional representation. Bone v. State, 77 S.W.3d 828,
833 (Tex.Cr.App. 2002); Mallett v. State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001). Also, a
claim of ineffectiveness must be firmly founded in the record. Thompson v. State, 9
S.W.3d 808, 813 (Tex.Cr.App. 1999).

 Here, the record indicates appellant's trial counsel visited with several of appellant's 
family members that were available to testify but, after consulting with appellant, made a
determination not to call them as witnesses because "[t]hey either had criminal histories
. . . or their stories conflicted in one way or another with [appellant's]." He also testified that
his associate made several unsuccessful attempts to contact someone at the motel, but
he ultimately concluded that the witness was unnecessary and that the receipt would be
sufficient proof. The bookkeeper's testimony revealed she had no personal knowledge of
appellant's whereabouts other than the fact that he picked up his paycheck the day after
the charged offense. Furthermore, when questioned specifically regarding his failure to call
certain witnesses in this case, trial counsel testified that it was part of his overall trial
strategy.

 Applying the appropriate standard of review and considering the strong presumption
in favor of reasonable and professional representation, we conclude counsel's
performance in this case was not deficient and did not fall below an objective standard of
reasonableness. Appellant's issues are overruled.

 Accordingly, the trial court's judgment is affirmed.


 Don H. Reavis

 Justice




Do not publish.

 
1. The clerk noted the vehicle's license plate number on the face of the check when
it was received.



ption Locked="false" Priority="73" SemiHidden="false"
 UnhideWhenUsed="false" Name="Colorful Grid"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0258-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

DECEMBER 17, 2010

 

______________________________

 

 

MANUEL ORTIZ MALDONADO, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM THE 47TH DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 18,800-A; HONORABLE DAN SCHAAP, JUDGE[1]

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

OPINION

            This
is an appeal from an order denying Manuel Ortiz Maldonados contest of a
withdrawal notification issued pursuant to section 501.014(e) of the Texas
Government Code.  Finding the trial court
erred in not correcting the withdrawal notification at issue, we reverse and render.

Background

            On
June 13, 2007, Appellant, Manuel Ortiz Maldonado, was convicted of indecency
with a child.[2]  Appellant's punishment was assessed at five
years confinement and a fine of $1,500. 
The summary portion of the judgment entered by the trial court reflects
"Costs: $____," while the narrative portion of the judgment orders
that "the State of Texas do have and recover of [Appellant] all court
costs in this prosecution expended for which let execution issue."  The dollar
amount and statutory basis of the court costs was not otherwise
specified in the written judgment.  Appellant
did not seek a direct review of that judgment.

            On
May 4, 2010, the Randall County District Clerk prepared a Bill of Costs reflecting an amount due of $2,241.50, which sum
included the $1,500 fine, $400 in court-appointed attorney's fees, and $341.50
in miscellaneous court costs.  Almost
three years after the judgment was entered, using the original underlying
criminal cause number, the trial court signed a document entitled Order to Withdraw Funds[3]
directing the Texas Department of Criminal Justice to withdraw the sum of
$2,241.50 from Appellant's "Inmate Trust Account."[4]  On June 24, 2010, Appellant filed a motion contesting
the withdrawal notification, contending that his "due process rights"
were being violated by this collection process. 
On or before June 28, 2010, by handwritten notation upon the Clerk's notification
to the trial court of the filing of Appellant's motion, the trial court denied
the request sua sponte.   Appellant now appeals that denial.

Appealable Order

In Harrell v. State, 286 S.W.3d 315 (Tex. 2008), the Texas Supreme
Court held that a withdrawal notification directing prison officials to
withdraw money from an inmate account pursuant to § 501.014(e) is a civil
matter[5]
akin to a garnishment action or an action to obtain a turnover order.  Harrell, 286 S.W.3d at 317-19.  Discussing the due process accorded to the
appellant, the Court balanced the three factors discussed in Mathews v. Eldridge, 424 U.S.
319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), and found that Harrell had "already received some measure of due
process."  Harrell, 286 S.W.3d at 320.  In
determining whether Harrell was accorded constitutional due process, the Court concluded
that because Harrell had received notice of the withdrawal (a copy of the
withdrawal notification) and an opportunity to contest the dollar amount and
statutory basis of the withdrawal (a motion to rescind or modify the withdrawal
notification),[6] he received all that due process
required.  Id. at 321.  The Court added that neither notice nor an
opportunity to be heard need occur before the issuance of a withdrawal
notification.  Id.  This Court has
interpreted Harrell as saying that
due process requires that an inmate have an opportunity to contest the dollar
amount and statutory basis of the withdrawal by way of a motion to modify,
correct, or rescind the withdrawal notification.  Snelson v. State, No. 07-10-0259-CV, 2010 Tex.App. LEXIS 9016, at *5-6 (Tex.App.--Amarillo Nov. 10, 2010, no pet. h.);
Bryant v. State, No. 07-10-0358-CV,
2010 Tex.App. LEXIS 8059, at *4-5 (Tex.App.--Amarillo
Oct. 5, 2010, no pet.); Williams v.
State, 322 S.W.3d 301 (Tex.App.--Amarillo 2010, no pet.).  The trial court's disposition of such a
motion creates an appealable order. See
Ramirez v. State, 318 S.W.3d 906, 908
(Tex.App.--Waco 2010, no pet.) (holding that
"only when [the withdrawal notification is] properly challenged and denied
relief is there an order that is final from which the inmate can appeal").


Standard of Review

            We
review a trial court's decision whether to deny a motion contesting a
withdrawal notification under an abuse of discretion standard.  See
Canty v. State, No. 12-08-00257-CV, 2009 Tex.App. LEXIS
2715, at *3-4, (Tex.App.-Tyler April 15, 2009, no pet.) (holding that a trial court's decision to hold a civil
expunction proceeding is subject to review under an abuse of discretion
standard).  A trial court abuses its
discretion when it acts "without reference to any guiding rules and
principles."  Quixtar Inc. v. Signature Mgmt. Team, LLC, 315 S.W.3d 28, 31 (Tex.
2010) (quoting Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985); Howell v. State, 175 S.W.3d 786, 792 (Tex.Crim.App. 2005); Montgomery v. State, 810 S.W.2d 372, 380
(Tex.Crim.App. 1990). Furthermore, a trial court abuses its discretion if
"it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law."  Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex.
1985).

Court Costs

            A
certified bill of costs imposes an obligation upon a criminal defendant to pay
court costs, irrespective of whether or not that bill is incorporated by
reference into the written judgment.  See generally Tex. Code Crim. Proc. Ann.
arts. 103.001 and 103.003 (West 2006); See also Tex. Gov't Code Ann., §§
102.001 - 103.033. (West
2006 and Supp. 2010).  Where court
costs are imposed as a matter of legislative directive, they do not need to be
included in the oral pronouncement of sentence or the written judgment in order
to be imposed upon a convicted defendant. 
See Weir v. State, 278 S.W.3d 364,
367 (Tex.Crim.App. 2009) (holding that because legislatively mandated court
costs are not punitive, they did not have to be included in the oral
pronouncement of sentence as a precondition to their inclusion in the trial
court's written judgment); Smith v. State,
No. 07-09-0009-CR, 2010 Tex.App. LEXIS 3846, at *21 (Tex.App.--Amarillo May
20, 2010, pet. ref'd) (holding that a precise dollar amount of court costs did
not have to be specified in the oral pronouncement of sentence or the written judgment
as a precondition to their inclusion in the clerk's bill of costs).  

Court-Appointed Attorney's Fees

            Pursuant to article 26.05(g) of the Texas Code of
Criminal Procedure, if a trial court determines that a defendant has financial
resources that enable him to repay, in whole or in part, the costs of legal
services provided by a court-appointed attorney, the court has authority to
order a convicted defendant to pay "as court costs the amount that it
finds the defendant is able to pay." 
See Tex.
Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2010).  Without record evidence demonstrating a
defendant's financial resources to offset the costs of legal services, a trial
court errs if it orders reimbursement of court-appointed attorney's fees.  Mayer v. State, 309 S.W.3d 552 (Tex.Crim.App. 2010).  Unless a material change in a criminal
defendant's financial resources is established by competent legal evidence,
once that defendant has been found to be indigent, he is presumed to remain
indigent for the remainder of the proceedings. 
Tex. Code Crim. Proc. Ann. art. 26.04(p) (West
Supp. 2010); Mayer, 309 S.W.3d at 557.

Analysis

            As noted, the Bill
of Costs in the record includes $400 in court-appointed attorney's fees,
but the record does not contain a determination or finding that Appellant had
any financial resources or was "able to pay" any amount of attorney's
fees.  What the record does reflect is
that, at the time the original judgment of conviction was entered, Appellant was indigent and qualified for court-appointed
counsel.  Accordingly, we must presume
that on June 10, 2010, when the trial court signed the withdrawal notification,
Appellant's financial status had not changed. 
Just as a trial court errs by ordering reimbursement of court-appointed
attorney's fees without record evidence demonstrating the defendant has an
ability to repay the fees, see Mayer,
309 S.W.3d at 557, we find the trial court here abused its discretion by summarily
denying Appellant's challenge to the withdrawal notification authorizing
withdrawal of funds from his inmate account to reimburse attorney's fees in the
absence of a judicial finding required by article 26.05(g).

Conclusion

            Accordingly,
we reverse the trial court's order denying Appellant's motion to contest and we
render judgment granting the motion to contest, thereby directing the entry of
an Amended Withdrawal Notification
Pursuant to Section 501.014(e), deleting the attorney's fees of $400.  We further order that a copy of the Amended Withdrawal Notification be
delivered to the Institutional Division of the Texas Department of Criminal
Justice.

 

                                                                                      Patrick A. Pirtle                                                                                                                                       Justice











[1]Hon. Abe Lopez, Retired Judge sitting by assignment in the 47th
District Court of Randall County, Texas. 
See Tex. Gov't Code Ann. §
75.002(a)(3) (West 2005).

 





[2]See Tex. Penal Code Ann. § 21.11(a)(1) (West Supp. 2010). 
An offense under subsection (a)(1) of §
21.11 is a felony of the second degree, punishable by imprisonment for any term
of not more than 20 years or less than 2 years, and by a fine not to exceed
$10,000.  See Tex. Penal Code Ann. §
12.33 (West Supp. 2010). 

 





[3]This
document is not an "order" in the traditional sense of a court order,
judgment, or decree issued after notice and hearing in either a civil or
criminal proceeding.  The controlling
statute, Tex. Gov't Code Ann. §
501.014(e) (West Supp. 2010), describes the process as a "notification by
a court" directing prison officials to withdraw sums from an inmate's
account, in accordance with a schedule of priorities set by the statute, for
the payment of "any amount the inmate is ordered to pay by order of the
court."  See id. at § 501.014(e)(1)-(6). 
See also Harrell v. State, 286
S.W.3d 315, 316, n.1 (Tex. 2009).  This
document is more akin to a judgment nisi. 
A judgment nisi, commonly used in bond forfeiture proceedings, is a
provisional judgment entered when an accused fails to appear for trial.  A judgment nisi triggers the issuance of a capias and it serves as notice of the
institution of a bond forfeiture proceeding. 
It is not final or absolute, but may become final.  See
Safety Nat'l Cas. Corp. v. State, 273 S.W.3d 157, 163 (Tex.Crim.App. 2008).
Nisi means "unless," so a judgment nisi is valid unless a party takes
action causing it to be withdrawn.  Id.  Similarly,
a withdrawal notification issued pursuant to §
501.014(e), triggers a withdrawal from an inmate's account, serves as notice of
the collection proceeding, and continues to operate unless the inmate takes
action causing the notification to be withdrawn.  Therefore, rather than refer to that document
as an order, we prefer to use the term "withdrawal notification" to
avoid confusion with an underlying court order or judgment ordering the payment
of a sum falling within at least one of the six priority categories listed in
the statute.

 





[4]Several
courts, including this Court, have referred to these inmate accounts as
"trust" accounts.  The term
"trust" has been removed from their statutory references.  Act of May 11, 1989, 71st Leg.,
R.S., ch. 212, § 2.01 1989 Tex. Gen. Laws 918, 958, amended by, Act of May 17, 1999, 76th Leg., R.S., ch.
326, §1, 1999 Tex. Gen. Laws 1235, 1236 (current version at Tex. Gov't Code
Ann. § 501.014 (West
Supp. 2010)).  Accordingly, they are
simply inmate accounts.

 





[5]See Johnson v. Tenth Judicial District Court
of Appeals at Waco, 280 S.W.3d 866, 869 (Tex.Crim.App. 2008) (holding that
orders directing withdrawal of funds from inmate trust accounts are not a
criminal matter).

 





[6]The
trial court denied Harrell's Motion to
Rescind.  See Harrell v. State, Nos. 07-06-0469-CR, 07-06-0470-CR, 2007 Tex.
App. LEXIS 6416, at *2 (Tex.App.--Amarillo Aug. 13, 2007), rev'd, 286 S.W.3d 315 (Tex. 2008).