NO. 07-04-0495-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 16, 2006

_____


ALVIE DALE WARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 15,724-A; HONORABLE HAL MINER, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Alvie Dale Ward was convicted by a jury of forgery and sentenced to one year confinement. Presenting three issues, appellant contends his trial counsel's representation was ineffective and he is entitled to a new trial because counsel (1) did not speak with potential alibi witnesses before trial, (2) did not call

potential alibi witnesses that were at the courthouse and were willing and available to testify, and (3) did not subpoena two alibi witnesses that were willing and available to testify. We affirm.

Appellant was charged with passing an unauthorized check at a Pak-A-Sak convenience store in Amarillo. Upon discovering the check was a forgery, the store clerk provided police with a physical description of the culprit and the license plate number of the vehicle he was driving.[1] Police identified the vehicle as belonging to appellant's son-in-law who lived with appellant. When presented with a photo lineup, the clerk identified appellant as the person who gave her the check. When contacted by police, appellant denied any knowledge of the incident and provided detectives with a handwriting sample. The sample was inconclusive.

At trial, appellant testified he could not have passed the unauthorized check because, at the time of the offense, he was working in Dalhart where he had contracted to install flooring. In support of his argument, he produced a receipt for two motel rooms in Dalhart where he claimed he stayed along with his three brothers. None of the men were called to testify at appellant's trial. Following his conviction, appellant filed a motion for new trial claiming that, because trial counsel did not call any alibi witnesses to testify

---

[1]The clerk noted the vehicle's license plate number on the face of the check when it was received.

to appellant's whereabouts, material evidence was not presented to the jury for consideration.

At a hearing on the motion, testimony revealed that several family members, including appellant's brothers, were present outside the courtroom and were willing to testify, but were told by counsel that they needed to leave. Two additional witnesses, the owner of the motel and his employer's bookkeeper, testified they were never contacted by counsel in connection with the case. Appellant's trial counsel also testified at the hearing. At the conclusion of the testimony, the trial court denied appellant's motion. Appellant subsequently filed a notice of appeal. Because appellant's issues are factually similar, we will consider them together.

A claim of ineffectiveness is reviewed under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, a defendant must establish that (1) counsel's performance was deficient (i.e., fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome. Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986). In other words, a defendant must demonstrate the deficient performance prejudiced his defense. Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002).

The adequacy of defense counsel's assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel. *Id.* Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight. Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993); Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984). Appellate review of trial counsel's representation is highly deferential and presumes that counsel's conduct fell within the wide range of reasonable and professional representation. Bone v. State, 77 S.W.3d 828, 833 (Tex.Cr.App. 2002); Mallett v. State, 65 S.W.3d 59, 63 (Tex.Cr.App. 2001). Also, a claim of ineffectiveness must be firmly founded in the record. Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999).

Here, the record indicates appellant's trial counsel visited with several of appellant's family members that were available to testify but, after consulting with appellant, made a determination not to call them as witnesses because "[t]hey either had criminal histories . . . or their stories conflicted in one way or another with [appellant's]." He also testified that his associate made several unsuccessful attempts to contact someone at the motel, but he ultimately concluded that the witness was unnecessary and that the receipt would be sufficient proof. The bookkeeper's testimony revealed she had no personal knowledge of appellant's whereabouts other than the fact that he picked up his paycheck the day after the charged offense. Furthermore, when questioned specifically regarding his failure to call

certain witnesses in this case, trial counsel testified that it was part of his overall trial strategy.

Applying the appropriate standard of review and considering the strong presumption in favor of reasonable and professional representation, we conclude counsel's performance in this case was not deficient and did not fall below an objective standard of reasonableness. Appellant's issues are overruled.

Accordingly, the trial court's judgment is affirmed.

Don H. Reavis
Justice

Do not publish.