1486-14

NO. <u>PD-1486-14</u>

ORIGINAL

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

ERNEST BENL MCINTYRE
Petitioner, Appellant

V.

THE STATE OF TEXAS
Appellee

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 01 2015

Abel Acosta, Clerk

---

FILED IN
COURT OF CRIMINAL APPEALS

MAY 01 2015

Abel Acosta, Clerk

---

FIRST AMENDED
MOTION FOR REHEARING

---

ERNEST BENL MCINTYRE
202 Avenue F, Apt.#2
Moody, Tx. 76557
(254) 853-9146

PETITIONER, APPELLANT PRO SE

NO. PD-1486-14

| ERNEST BENL MCINTYRE | § | IN THE |
| | § | |
| V. | § | COURT OF CRIMINAL APPEALS |
| | § | |
| THE STATE OF TEXAS | § | OF TEXAS |

## FIRST AMENDED MOTION FOR REHEARING

TO THE HONORABLE JUSTICES OF THE COURT:

COMES now, Ernest Benl McIntyre, Appellant, Movant pro se, and files this First Amended Motion for Rehearing contending that said motion is grounded only on substantial intervening circumstances which requires this Court's supervisory authority to protect Movant's right to counsel on appeal, and in support would show:

### 1 - CASE HISTORY

Movant pleaded guilty to possession of child pornography. See TEXAS PENAL CODE § 43.26. After a non-jury punishment hearing, the trial court sentenced Movant to 9 years confinement. (RR.5,p.64). Movant's court-appointed appellate attorney filed a motion to withdraw supported by an ANDERS brief on December 4, 2012, concluding that an appeal would be frivolous and without merit. SEE ANDERS V. CALIFORNIA, 386 U.S. 738 (1967). Movant filed a pro se brief on May 22, 2013, and a panel of the Third District Court of Appeals consisting of Chief Justice Jones, Justices Rose and Goodwin, held that there was no reversible error in the trial court's judgment

1.

of conviction and granted appellate counsel's motion to withdraw. **SEE MEMORANDUM OPINION, No. 03-12-00508-CR.** Movant then filed a motion for rehearing en banc on August 19, 2014, which was overruled on October 10, 2014. A petition for discretionary review was then filed in this Court by Movant on January 16, 2015, which was refused on February 25, 2015. Rehearing was due in this Court on or before April 13, 2015, but was not received by the clerk until April 17, 2015, due to postal error; said motion was post-dated April 9, 2015. This first amended motion for rehearing follows to include Supreme Court caselaw supporting grounds for rehearing that was ommitted from the original motion for rehearing due to oversight.

## 2 - GROUNDS FOR REHEARING

In it's memorandum opinion, the court of appeals erroneously concluded that the State's withholding of 47 crime scene photos until AFTER Movant had pleaded guilty did not effect the voluntariness of Movant's guilty plea, and that therefore, there were no arguable grounds to be advanced on appeal. **SEE MEMORANDUM OPINION pg. 2, No. 03-12-00508-CR, Third District.** To support it's conclusion, the court of appeals relied in part on Movant's confession that was given during the hearing on punishment six weeks after seeing the photos of the suspect computer and after the photos of the computer were admitted into evidence; even placing emphasis on Movant's confession in bold letters, and because Movant failed to show that the photos were favorable to him. The court of appeals' conclusion

2.

on this point is misplaced. The relevant facts supporting rehearing are set out as follows:

Movant established in his pro se appeal brief to the court of appeals and in his pro se PDR to this Court that 47 crime scene photos were withheld by the State until after Movant had pleaded guilty. (RR.4,p.4-5). Whether there are any arguable grounds for appeal in this case would turn on the materiality of said photos under BRADY. SEE BRADY V. MARYLAND, 373 U.S. 83 (1963). As discussed in Movant's PDR pg. 10-12, the relevant photos show (1) the suspect computer with both side casings removed in which it appears that the computer was at the time in a state of assembly and testing, and; (2) what Movant incorrectly argued was the suspect monitor turned on and operating while displaying dates of April 28, 2003, which Movant incorrectly believed to be the dates the contraband was loaded into the suspect computer. A closer inspection, however, reveals that these photos were MUCH more significant and MUCH more material to Movant's guilty plea than previously argued.

In the appendix to this motion for rehearing, Movant has attached copies of the relevant photos that were withheld by the State and later admitted into evidence without objection and identified as State's 2. (RR.5,p.16). All except one of the attached photos were attached to Movant's pro se beief to the court of appeals; all of which were a part of the record for the court of appeals' review under ANDERS. To confirm for this Court that Movant is discussing

3.

the correct computer containing the contraband, the inventory sheet describes the suspect computer as Item #3, computer with covers off, which was entered into evidence and identified as State's 5. (RR.5,p.17). The record further identifies the suspect computer as custom built, (RR.5,p.22), and contained 3 harddrives, and only one of those harddrives contained contraband. (RR.5,p.31). In photos numbered 1 & 2, the Court can see, inter alia, a computer monitor with one computer sitting on each side. The suspect computer is located on the left with a view of the right side casing removed and two electrical cords draped over the top of the computer; one thin cord and one thick cord. Photos number 3, shows a close-up of the left side of the suspect computer with the left side casing also removed, and one of the three harddrives hanging out the side. This photo, however, shows a much more important fact. Just above the hanging harddrive, and a little to the right, looking into the rear interior of the suspect computer, there are 4 empty slots. These slots are supposed to have up to 4 interface cards in them which the computer cannot operate without. Although the record does not identify the parts that are missing from the computer, this photo clearly shows said computer in a state of assembly and that said computer was not even functional. Photo number 5, shows the suspect computer while being pulled out be law enforcement exposing a rear view of said computer. The small wire pluged in to the rear is a mouse. The larger plug is for the monitor, and a power cord

4.

can vaguely be seen at the bottom. The internet connect is located between the mouse and monitor connections. Note that this computer is not connected to the internet. Although the record does not contain testimony identifying these connections, this photo shows the two componant cords draped over the top of the computer and obviously not in use. To support this fact, photos numbered 3,5, 6,7,9, & 10, all show the monitor turned on and operating. Obviously, according to the photos discussed, whatever, is being displayed on the monitor is not coming from the suspect computer which contained the contraband. Additionally, photo number 6, shows law enforcement pulling out a Server unit. The first plug that is closest to the left on the rear of the Server, is an internet connection. The second is a mouse, and the third, which is a larger plug, is for a computer. If the Court will look closely on the rear of the Server and on each side of the computer plug, you will see that there are two additional places available in which to make additional computer connections. These are Input/Output Connectors. Although there is no testimony in the record identifying these connections, photo number 6, clearly shows that there is only one main componant, (i.e. computer), connected to the Server. These photos show that the suspect computer was not connected for use or operational.

Photos numbered 12,13,14,15,17,& 18, all show a mass array of computer parts and an additional computer. Movant requests this Court to take judicial notice of the photos in the appendix to this

5.

motion for rehearing. The record further shows that a very large number of computer harddrives and storage devices were seized as a result of a search warrant, as well as a few additional computers. **SEE STATE'S 5, RETURN INVENTORY & SEIZURE REPORT.** Testimony also described Movant's "shed" as a computer workshop with various computers and conputer parts. **(RR.5,p.15).** The suspect computer was recovered from Movant's workshop. **(RR.5,p.36).** Tesimony established that Movant is a computer network engineer and computer technician with a degree in computer science. **(RR.5,p.46).** Movant argued to the court of appeals and in his PDR that the relevant photos withheld by the State and discussed in further detail heretofore, would have supported an affirmative defense that Movant custom built the suspect computer not knowing that he was installing contraband. Movant had the right to the presumption of innocence and the right to put the State to it's burden of proof before a criminal conviction. **SEE MILES V. STATE, 204 SW 3d 822,825 (Tex.Crim.App.2006)**(and cases cited therein). As previously discussed, the court of appeals emphasised Movant's confession during punishment. **SEE MEMORANDUM OPINION, pg.2.** However, in EX PARTE TULEY, this Court stated:

> "The guilty plea process is not perfect. But guilty pleas allow the parties to avoid the uncertainties of litigation. The decision to plead guilty..., may be influenced by factors that have nothing to do with the defendant's guilt. The inability to disprove the State's case, the inability to afford counsel, the inability to afford bail, family obligations, the need to return to work, and other considerations may influence a defendant's choice to plead guilty or go to trial."

SEE EX PARTE TULEY, 109 SW 3d 388,393 (Tex.Crim.App.2002)(see also footnote 2, for additional reasons a defendant may plead guilty). In this case, the record is silent as to why Movant entered a plea of guilty, although the record does show that defense counsel did make a plea to the trial court for probation. (RR.5,p.59-61). But obviously, at some point, there was a discussion between Movant and his attorney that resulted in a guilty plea. In any other circumstances, it would be inappropriate for a reviewing court to infringe upon counsel's actions which would otherwise be considered sound trial strategy. SEE EX PARTE KUNKLE, 852 SW 2d 499,505 (Tex.Crim.App.1993)(A fair assessment of counsel's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances, and to evaluate the conduct from counsel's perspctive at the time... the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'). Now, however, the reviewing court has done exactly that. (EMPHASIS ADDED). In UNITED STATES V. BAGLEY, the Supreme Court stated:

> "The government notes that an incomplete response to a specific request not only deprives the defense of certain evidence, but also has the effect of representing to the defense that the evidence does not exist. In reliance on this misleading representation, the defense might abandon lines of independant investigation, defenses, or trial strategies that it otherwise would have pursued.
> WE AGREE THAT THE PROSECUTER'S FAILURE TO RESPOND FULLY TO A BRADY REQUEST MAY IMPAIR THE ADVERSARY PROCESS IN THIS MANNER. And the more specifically the defense requests certain evidence, thus putting the prosecutor

7.

on notice of its value, the more reasonable it is for the defense to assume from the non-disclosure that the evidence does not exist, and to make pre-trial and trial decisions on the bases of this assumption. This possibility of impairment does not necessitate a different standard of materiality, however, for under the Strickland formulation the reviewing court may consider directly any adverse effect that the prosecutor's failure to respond might have had on the preparation or presentation of the defendant's case. The reviewing court should assess the possibility that such effect might have occurred in light of the totality of the circumstances and **WITH AN AWARENESS OF THE DIFFICULTY OF RECONSTRUCTING IN A POST-TRIAL PROCEEDING THE COURSE THAT THE DEFENSE AND THE TRIAL WOULD HAVE TAKEN HAD THE DEFENSE NOT BEEN MISLED BY THE PROSECUTOR'S INCOMPLETE RESPONSE."**

**SEE UNITED STATES V. BAGLEY, 473 U.S. 667,682-83, 105 S.CT. 3375, 3384 (1985).** It cannot be ASSUMED by the reviewing court that any advice to plead guilty that Movant received by his attorney was not affected by the State's withholding of said crime scene photos when considering the totality of the circumstances, which, obviously, denied Movant due process and his right to put the State to its burden of proof. Movant requested this material. (CR.p.24).

In light of the new relevant facts as to the materiality of the crime scene photos under BRADY, and the Supreme Court's analysis under BAGLEY, Movant requests this Court to grant rehearing and consider these new points along with his original PDR and pro se brief to the court of appeals. It should be remembered that the focal point of these appellate proceedings is to determine whether Movant is entitled to court appointed counsel on appeal under ANDERS.

8.

## PRAYER

For the foregoing reasons, Movant prays that this Court grant rehearing.

Respectfully Submitted,

Ernest Benl McIntyre
202 Avenue F, Apt.#2
Moody, Tx. 76557
(254) 853-9146

APPELLANT, MOVANT PRO SE

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was served on each party as indicated below on this 24th day of April, 2015, via U.S. mail, postage pre-paid.

State Prosecuting Attorney
P.O. Box 12405
Austin, Tx. 78711

Bob Odom
Crim.Dist.Attorney
P.O. Box 540
Belton, Tx. 76513

Tim Copeland
Attorney at Law
930 S. Bell Blvd.,Ste.408
Cedar Park, Tx. 78613

APPELLATE COUNSEL FOR MOVANT
(WITHDRAWN)

Ernest Benl McIntyre
Appellant, Movant pro se

## CERTIFICATION

This is to certify that the foregoing motion for rehearing is grounded only on substantial intervening circumstances and is made in good faith and not for the purpose of delay.

Ernest Benl McIntyre
Appellant, Movant pro se

APPENDIX

#1

#2

#3

#4

#5

#6

#7

#8



#9

#10

#11

#12



#13



#14

III.

#15

#16

XXX.

#17

#18